## MARYLAND CASUALTY CO. v. LANDRY.
### No. 3758.

Court of Civil Appeals of Texas. Beaumont.
Jan. 23, 1941.

Rehearing Denied Feb. 5, 1941.

Smith, Smith & Boyd, of Beaumont, for appellant.

Xavier Christ, of Port Arthur, and B. C. Johnson, of Houston, for appellee.

O'QUINN, Justice.

This is a compensation insurance case. Wilson Landry was the employee, the Texas Can Company of Port Arthur, Texas, the employer, and Maryland Casualty Company the compensation insurance carrier. This is the second appeal in this case. See 129 S.W.2d 755. Wilson Landry while in the course of his employment, on October 13, 1936, received an injury for which he claimed compensation. The Industrial Accident Board awarded him compensation. From that award appellant appealed and filed this suit to set said award aside. On the first trial judgment was for appellee. On appeal that judgment was reversed. On the second trial (the instant hearing) judgment was again for appellee for total and permanent incapacity for 401 weeks at $15 per week, less partial payments of $8.40 per week for 9 weeks and 5 days made on the first 10 weeks, the compensation to be paid in a lump sum less legal discount, together with six per cent interest on all matured weekly payments to the date of judgment. Motion for a new trial was overruled, and this appeal followed.

There are 150 assignments of error urged by appellant. We shall discuss only those believed to be necessary to a disposition of the appeal.

█ The first proposition urges that the court erred in refusing to give its requested special issue No. 11, which reads: "Do you find from a preponderance of the evidence that any disability sustained by the cross-plaintiff, Wilson Landry, is temporary? Answer Yes or No."

In answer to the third special issue, the jury found that appellee suffered total disability as a result of his injuries, and in answer to the fifth special issue that the total disability was permanent. The sixth special issue inquired: "How long, if for any length of time, do you find from a preponderance of the evidence such total disability, if any you have found, to exist? Answer by stating the length of time, if any." The jury answered "permanent."

The evidence raised the issue as to whether the total incapacity suffered by appellee from his injury was permanently total, or was temporary total disability. We think the requested charge covering this feature was appropriate, but we also think that the sixth special issue, set out supra, given to the jury covered the inquiry. The 3rd special issue inquired whether the disability was total, and the 5th whether such total disability was permanent. These were answered "Yes." The 6th inquired for how long, if for any length of time, the total disability would exist, to which the jury answered "permanent." In Traders & General Insurance Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540, this identical manner of inquiry as to temporary incapacity was held sufficient as against the court's refusal to submit a requested special issue similar to that here requested. In the cited case the court held the matter under inquiry was sufficiently covered by the court's charge in substance the same as here given. Petition for writ of error was dismissed in the Herndon case. The issue inquired for how long, if for any length of time, the total disability existed. The jury, if the facts warranted so doing, could have answered any length of time. They answered "permanent," that is that the total disability would not end—in other words, was not temporary. While the issue could have been differently framed, and so better understood, yet the answers of the jury were consistent and did not reflect any confusion or misunderstanding of the questions. The assignment is overruled.

What we have said disposes of assignment two.

██ The court submitted special issue No. 10, which reads:

"Do you find from a preponderance of the evidence that Wilson Landry's disability, if any, is not limited to his right hand?

"In the event your answer is in the affirmative, the form of your answer should be 'disability not limited to right hand'; otherwise the form of your answer shall be 'No.'

"In answering the above special issue you are instructed that all injuries below the elbow are construed to be injuries to the hand; if any injury below the elbow

results in pain and suffering permanently rendering one disqualified to perform the usual tasks of a workman so as to obtain and retain employment, then the disability resulting from such injury is not limited to the hand."

To this issue, and particularly the explanations following it, appellant objected on the grounds: (a) that when considered in connection with the explanation following same, it was a general charge; (b) that the explanation was not a definition of any legal term contained in the issue; and (c) that the explanation was not necessary to enable the jury to properly pass upon and render a verdict on said issue as authorized by Article 2189, Vernon's Ann. Civ.St. This article provides: "In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." Clearly the instruction or charge following the issue was not a definition of any word or term contained in the issue. The first part of the instruction, to wit: "In answering the above special issue you are instructed that all injuries below the elbow are construed to be injuries to the hand," is correct. Article 8306, Section 12, providing compensation for specific injuries, provides that "For the loss of a hand, sixty per cent of the average weekly wage during one hundred and fifty weeks." This is followed by the provision for the loss of an arm, towit: "For the loss of an arm at or above the elbow, sixty per cent. of the average weekly wage during two hundred weeks." These two provisions, in determining whether the loss was one of the hand or arm, should be construed together, and since the loss, if above the elbow, is that of an arm, then necessarily the loss, if below the elbow would be the loss of a hand. But the remaining portion of the instruction, to wit: "If any injury below the elbow results in pain and suffering permanently rendering one disqualified to perform the usual tasks of a workman so as to obtain and retain employment, then the disability resulting from such injury is not limited to the hand," is neither a definition nor an explanation of any legal or technical term in the issue, necessary to enable the jury to properly understand and pass upon and render a proper verdict on the issue, Humble Oil & Refining Co. v. McLean, Tex.Com.App., 280 S.W. 557.

As propositions 5 to 15, inclusive, involve questions similar to the above, they need not arise on another trial, and so will not be discussed.

We overrule the 16th, 17th, 18th, 19th, 20th, 21st, 22nd, 23rd, 24th, 25th, and 26th propositions complaining in various ways that the submission of special issue No. 3, inquiring whether the incapacity of appellee, if any, was total, was error. The issue was proper, being raised both by the pleading and the evidence. It was not subject to the objections levelled against it.

Proposition 27 is too general—objects to the court's charge as a whole; 28 insists that where the only theory on which claimant could recover compensation for a general injury, the injury having been to the right wrist, was to show that the injury to the wrist had affected other portions of his body to such extent that he became entitled to a recovery greater than for a specific injury and consequent disability, and appellee not having requested the submission of any issue as to whether the injury had extended to or involved other portions of his body, he had waived such ground of recovery, and so a judgment for total permanent incapacity, as for a general injury, as a matter of law, could not stand. This contention is without merit. Proposition 29 is overruled. It was proper for the court, in his charge to define "total disability." Propositions 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39, complaining that the answers of the jury to the several issues pointed out are without sufficient support in the evidence, are overruled. They are amply supported by the record.

Proposition 40 is that the court erred in refusing its special requested issue, reading: "Do you find from a preponderance of the evidence that all disability, if any, sustained by Wilson Landry results solely from the impaired use, if any, of his right hand?"

The refusal of the issue was not error. It was substantially and sufficiently covered by special issue 10 given by the court which read: "Do you find from a preponderance of the evidence that Wilson Landry's disability, if any, is not limited to his right hand?"

The word "not" in the issue was so placed because of an objection to the issue by appellant. The jury answered "Dis-

ability not limited to right hand." This was a sufficient submission of appellant's requested issue.

■ Proposition 40-B complains that the court erred in refusing appellant's special requested issue, reading: "Do you find from a preponderance of the evidence that all incapacity, if any, of Wilson Landry results from an injury, if any, confined to his right arm?"

The refusal was not error. The matter was substantially and sufficiently covered by special issue II given by the court which read: "Do you find from a preponderance of the evidence that Wilson Landry's disability, if any, is not limited to his right arm?"

The jury answered: "Disability not limited to right arm." This was a sufficient submission of appellant's requested issue.

■ The 48th proposition complains that the court erred in refusing to permit appellant to introduce excerpts from the record of testimony of appellee given on a former trial of his case relating to the manner of his receiving the injury for which he claims compensation, for the purpose of impeaching appellee's testimony given by him as to how he received his injury in the instant trial. We gather from the instant record that the testimony in main for both parties had been finished and that appellee was placed on the stand for the purpose of rebutting evidence given by witnesses who had testified for appellant, not involving the matters here sought to be heard, and on cross-examination by counsel for appellant it was sought to lay a predicate for his impeachment by offering portions of his testimony given on the first trial relating to the manner of receiving his injury, and upon objection by counsel for appellee that the testimony then sought to be introduced was not in rebuttal to any thing testified to by appellee, the impeaching evidence was refused.

The proposition is without force. The control and direction of the trial of the case as regards the order of proof rests within the discretion of the trial judge, and refusing to permit counsel for appellant to offer evidence for impeaching purposes after appellant had offered its evidence in main, particularly where the proffered evidence was not in rebuttal of any thing to which appellee had testified when testifying in rebuttal, was not an abuse of his discretion, and so not error. More-

over, it appears that while appellee was testifying in his own behalf in the main case he was repeatedly asked on cross-examination by appellant if his testimony in the instant trial was not different from his testimony in the former trial as to his movements just prior to the time of receiving his injury, to which questions appellee replied that he did not remember the questions and answers on the former trial, but that he was here trying to answer the questions as he remembered the facts—but that the injury happened so quickly that he could not say exactly how it happened. It appears that appellant, in the main examination of appellee, had full opportunity to examine and cross-examine appellee but did not offer to go into the matter as now sought. No injury is perceived to have been received by appellant, and no abuse of discretion on the part of the trial judge is shown.

■ We overrule propositions 49 to 63, inclusive, variously complaining that special issue 8 submitting "good cause" to the jury was insufficient and erroneous. We denied this contention on the same facts on former appeal. 129 S.W.2d 755.

■ Proposition 72 complains of alleged improper argument by counsel for appellee in his opening argument to the jury. The argument was: "Gentlemen, that boy got an injury out there. He didn't have an injury before, and I don't hesitate to say that he has suffered a total disability."

No objection was made to the argument at the time it was made. This is shown by the judge's qualification to the bill. It is to be observed that the argument was not inflammatory, and was but the conclusion of counsel drawn from the evidence. Judge Sharp, speaking for the Supreme Court, in Ramirez v. Acker, 134 Tex. 647, 651, 138 S.W.2d 1054, 1056, said: "The second rule is: If the argument is of such a nature or is made under such circumstances that if objection is made at the time, so that counsel can offer an explanation or make such corrections as will make such argument proper or harmless, or if the argument is of such a nature that its withdrawal by counsel or instruction by the court to the jury to disregard same will cure the error and render the effect of the argument harmless, the complaining party must object to such argument and request the court to instruct the jury not

to consider same; and failure so to do waives the error."

The proposition is overruled.

What we have said disposes of proposition 73.

 Proposition 74 complains that the answer of the jury to special issue 7 as to the wage rate of appellee was without support in the evidence. We think the finding has ample support. The proposition is overruled.

We have considered all the propositions presented, and those not discussed are without merit, and are overruled.

For the error discussed, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.

COMBS, J., dissents.