## SAFETY CASUALTY CO. v. TEETS.
### No. 4367.

Court of Civil Appeals of Texas. Beaumont.
June 6, 1946.

Rehearing Denied July 10, 1946.

Lipscomb & Lipscomb, of Beaumount, for appellant.

Adams, Hart & Daughtry, of Beaumount, for appellee.

COE, Chief Justice.

This is a workman's compensation case, tried in the 60th district court of Jefferson County, Texas, before a jury. Upon the verdict of the jury, judgment was rendered for appellee, Virgil W. Teets, against appellant, Safety Casualty Company, insurer, for 401 weeks compensation at $20 per week. The judgment is based on the jury's finding of total and permanent incapacity resulting from an injury alleged to have been sustained in the course of the employment in Jefferson County on December 2, 1944. Upon overruling of the amended motion for a new trial, an appeal was perfected to this court. No complaint is made of the sufficiency of the pleadings nor of the sufficiency of the evidence to support the verdict of the jury. The only complaint is to the manner in which the cause was submitted to the jury.

The petition of appellee was based upon a claim of injury alleged to have occurred in the course of his employment with the Magnolia Petroleum Company on December 2, 1944, resulting from a fall from a flatcar, causing total and permanent disability, and in the alternative partial disability. Appellant answered by a general denial. In submitting the appellee's theory of the case to the jury, the trial court among other issues submitted the following: "Special issue No. 6: From the preponderance of the evidence do you find that the personal injury, if any, sustained by plaintiff on about December 2, 1944, has resulted in any total incapacity to work and earn money? Answer yes or no." to which the jury answered "Yes." The issue as to the duration of total disability, if any, is as follows: "Special Issue No. 8: From the preponderance of the evidence for how long a period of time, if any, do you find that the total incapacity, if any, of plain-

tiff to work and earn money has continued or will continue from the day you have given in answer to the preceding special issue No. 7 (if you have answered special issue No. 7)? Answer by stating the length of time, if any." to which the jury answered "permanent." The definition of total incapacity given in connection with special issue No. 6 is as follows:

"In this connection you are instructed that total incapacity as used in the Workmen's Compensation Law, does not imply an absolute disability to perform any kind of labor but that a person disqualified from performing the usual task of a workman in such a way as to enable him to procure and obtain employment is ordinarily regarded as totally incapacitated."

Special issue No. 10, relating to partial incapacity, was thus submitted by the trial court: "From the preponderance of the evidence do you find that the injury, if any, sustained by plaintiff on or about December 2, 1944, has resulted or will result in any partial incapacity to work and earn money?" to which the jury answered "no."

The issues requested by appellant, which were refused by the trial court and made the basis of appellant's points, are as follows: Special Issue B, requested by defendant: "Do you find from the preponderance of the evidence that after December 2, 1944, the plaintiff was able to perform the usual task of a workman in such a way as to enable him to procure and retain employment?"; Special Issue D, requested by defendant: "Do you find from the preponderance of the evidence that at any time subsequent to December 2, 1944, the plaintiff, Virgil W. Teets, was in such physical condition as to enable him to procure and retain employment?"; and Special Issue No. E, requested by defendant: "Do you find from the preponderance of the evidence that prior to December 2, 1944, plaintiff's occupation was that of a commercial fisherman and that subsequent to December 2, 1944, plaintiff was able to procure and retain employment as a commercial fisherman?"

 We are unable to see any merit in appellant's contentions. The trial court submitted all the usual and customarily ap-

proved ultimate issues touching the extent and duration of appellee's disability to work. The special issues requested by defendant amount to no more than an inquiry as to the duration of appellee's disability, that is to whether such disability was permanent or temporary. This issue having been once submitted to the jury by special issue No. 8 and answered by the jury as being permanent, there was no error in refusing to again submit an issue covering the same question. Maryland Casualty Co. v. Landry, Tex.Civ.App., 147 S.W.2d 290; Traders & General Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540; United Employers' Cas. Co. v. Burk, Tex. Civ.App., 140 S.W.2d 571; Service Mutual Insurance Co. of Texas v. White, Tex.Civ. App., 138 S.W.2d 273; Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631; Texas Emp. Insurance Ass'n v. Mallard, Tex.Civ.App., 192 S.W.2d 302. The issue submitted by the court (issue No. 8) inquiring as to "how long a period of time the total disability, if any, will continue," gives the jury a fair opportunity to answer that appellee's disability was either temporary or permanent simply by stating its duration, and there is no reason requiring the trial court to again submit the identical issue couched in different language. What we have said applies to each and all of the issues requested by appellant and refused by the court, and it would serve no good purpose to extend this opinion by giving additional reasons why the trial court was justified in refusing such issues other than to say that under Rule 279, Texas Rules of Civil Procedure, the trial court is necessarily governed by the pleadings in formulating the issues to be submitted to a jury and that only ultimate issues raised by the pleading of the parties are to be submitted to the jury. The defendant is not entitled to have special defense issues submitted to the jury when not plead in his answer, even though the evidence might be sufficient to raise such an issue. Employers' Reinsurance Corp. v. Brantley, Tex.Civ.App., 173 S.W.2d 233.

The trial court having submitted all of the ultimate issues raised by the pleadings of the parties, and the only complaint made by appellant being directed at the manner

of the submission of this cause to the jury, we are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.