## SUPERIOR INS. CO. v. OWENS.
### No. 4575.

Court of Civil Appeals of Texas. Beaumont.
March 3, 1949.

Rehearing Denied March 23, 1949.

518

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and John R. Anderson, of Center, for appellant.

Fulmer & Fairchild, of Nocogdoches, for appellee.

COE, Chief Justice.

This is a suit arising under the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., in which R. A. Owens recovered a judgment for total permanent disability based upon his contention that he received injuries on or about May 22, 1947, while working for Timpson Crate Veneer Company in Shelby County, Texas, which resulted in total permanent disability.

Appellee alleged that on or about May 22, 1947, while he was working as an employee for and in the course and scope of his employment with Timpson Crate Veneer Company in Shelby County, and while in all ways performing the duties of said employee, he, the said R. A. Owens, sustained certain accidental personal injuries to his person and to his body, which injuries resulted in immediate total incapacity and which injuries and total incapacity extended at once to, through and into his entire left hand as a unit, the entire four fingers and thumb on said hand, the left arm, left shoulder and entire body of appellee, and affecting his general health. He further alleged that on the occasion in question he got his left hand caught in a V-belt on the cut-off saw of the veneering machine, which resulted in a severe jerking of his arm tearing and seriously injuring his left hand, fingers and thumb on said left hand, and pulling and injuring his entire left arm and shoulder; that he was totally incapacitated immediately following the accident in the entire left hand, all fingers and

thumb, including the arm and shoulder, and that the injury and said total disability immediately extended to and affected the entire left arm, left shoulder and the entire area and attachments of the body related to and supplied and supported by the brachial plexus nerves of said left hand and arm and shoulder, and that said injury and total disability immediately affected and depreciated appellee's general health; that the condition above alleged has been true continuously with appellee since the date of the incipiency of said injuries, and that said total disability, as above described, that is as affects appellee's left hand as a unit, and as affects every finger and thumb specifically on said hand, and as affects the left arm and left shoulder and other parts of the body as herein plead and as affects appellee's general health, is of such nature as to be and will be permanent in duration; that as a true result of said accident he sustained the total loss of said left hand as a unit, of the thumb and each and every finger upon said hand and of said left arm as is meant and contemplated under the Workmen's Compensation Law; that said total loss of use of the members above described has existed continuously since the date of the accident to the time of this filing, and will be permanent.

The Court submitted to the jury 32 special issues. After 5½ hours deliberation the jury reported to the Court a verdict in which they found (1) that the appellee had sustained a total loss of use of the left hand; (2) such loss began on May 22, 1947; (3) that it was permanent; (4) that no partial loss of the hand was suffered; (5) was not answered; (6) was not answered; (7) was not answered; (8) that appellee's injuries had extended to and affected his left arm at or above the elbow; (9) that appellee sustained a total loss of the use of his left arm as a result of his injuries; (10) that such loss began on May 22, 1947; (11) that it was permanent; (12) inquiring as to partial loss of use of the left arm was not answered, neither was (13), (14) and (15) which referred to the extent and duration of such loss; (16) they found that the injuries sustained by appellee have extended to and affected his left shoulder; (17) that the injuries sustained by appellee have affected his general health; (18) that appellee has sustained total incapacity to labor as a natural result of his injuries; (19) that such incapacity began on May 22, 1947; (20) that it would be permanent; (21) that he suffered no partial incapacity; (22) inquiring as to the beginning date of such partial incapacity was not answered; (23) inquiring as to how long that such partial incapacity, if any, would continue was not answered; (24) inquiring as to the percent of such partial incapacity was not answered; (25) that manifest hardship and injustice will result to appellee if the compensation, if any, to which he may be entitled was not paid to him in one lump sum rather than weekly installments; (26) that appellee's disability is not due wholly to disease not connected with his injuries of May 22, 1947; (27) that any future disability, if any, of appellee will not result solely from disease not connected with his injuries of May 22, 1947; (28) that appellee's incapacity has not been confined to the loss of the use of his left arm; (29) that any future incapacity of the appellee will not be confined to the loss of use of his left arm; (30) that appellee's incapacity has been confined to loss of use of left hand; (31) that any future incapacity of appellee will be confined to the loss of use of his left hand; (32) that appellee's disability is confined to his left index, middle and ring fingers. Upon this verdict being tendered to the Court, he refused to accept same as a verdict and instead gave them an additional charge with reference to their answers to certain issues as follows:

"The Court calls your attention to the fact that some of the answers which you have returned into Court as your verdict are conflicting.

"You have answered Issues No. 1 and No. 3 'Yes,' that is, that R. A. Owens has sustained the permanent, total loss of the use of his left hand as a result of his injuries. You have answered Issues No. 16, No. 17, No. 18 and No. 20 'Yes,' that is, that R. A. Owens' injuries have extended to and affected his left shoulder; have affected his general health; and that R. A. Owens has sustained permanent, total incapacity as a result of his injuries. You

have answered Issues No. 8, No. 9 and No. 11 'Yes', that is, that R. A. Owens' injuries have extended to and affected his left arm at and above the elbow and that R. A. Owens has sustained the permanent total loss of use of his left arm as a result of his injuries.

"But you have also answered Issue No. 30 that any incapacity of R. A. Owens 'has been confined to the loss of use of his left hand,' Issue No. 31 that any incapacity of R. A. Owens 'will be confined to the loss of use of his left hand,' and Issue No. 32 that R. A. Owens' permanent disability 'is confined to such fingers,' that is, confined to his left index, middle and ring fingers.

"The Court does not desire to indicate how you shall answer any issue, but only to point out that your verdict is conflicting. You will retire for further deliberation upon your verdict herein and reconcile, if you can, your answers. You are entirely free to make any answer to any Special Issue in the Court's charge as you may find."

Appellant objected to the giving of this charge, the substance of which is contained in Exception No. 3 which is as follows:

"The jury's answers to Special Issues Nos. 30, 31 and 32 cannot be the result of inadvertence or mistake, and such answers involve the fundamental issues in the lawsuit. Either the jury's answers to Special Issues Nos. 30, 31 and 32 are in hopeless conflict with their answers to other issues and the conflict is such that it cannot properly be cured, or the answers constitute a verdict for the plaintiff for the loss of the use of certain specific members."

And further that the instruction of the Court amounts to an attempt on the part of the Court to coerce a verdict. Appellant requested the Court to accept the verdict as returned or in the alternative to declare a mistrial. Thereafter the jury again tendered to the Court its verdict wherein they had changed their answers to Issues Nos. 31 and 32 but did not disturb its answer to Issue No. 30, whereupon the Court gave the jury another charge in which he instructed the jury that their answers to Issues Nos. 1, 3, 16, 17, 18, 20, 8, 9 and 11 were, in effect, conflicting with their answer to Special Issue No. 30, whereupon the appellant urged practically the same objections as it had to the first instruction given with reference to the verdict being conflicting. Thereafter the jury returned in the Court with a verdict in which they found, in answer to Special Issue No. 30, that appellee's incapacity has not been confined to the loss of use of the left hand; No. 31 that appellee's future incapacity will not be confined to the loss of the use of his left hand and No. 32 that appellee's permanent disability is not confined to his left index, middle and ring fingers. No contention is made that the evidence is insufficient to support either of the findings made by the jury in either of its verdicts submitted to the Court.

■■ Under appellant's first two points, it contends that there was no conflict in the jury's verdict as originally returned, and the trial court should have received said verdict and should have rendered a judgment limiting the appellee's recovery to the loss of use of appellee's left hand, notwithstanding the findings of the jury to Special Issues Nos. 16 and 17 to the effect that appellee's injuries extended to and affected his left shoulder and No. 17 to the effect that such injuries have affected his general health, asserting that such findings do not constitute a finding that appellee's permanent incapacity will be due to injuries affecting portions of his body other than his fingers and left hand, and that no issue was submitted which would authorize a judgment in this case for compensation beyond that allowed for the disability to the left hand and fingers. In support of this contention they cite the case of Denbow v. Standard Accident Ins. Co., 143 Tex. 455, 186 S.W.2d 236. We cannot agree with the appellant that the opinion in the Denbow case is controlling in the disposition to be made of the case at bar. However, we do find in this opinion a suggested issue to be submitted in cases where an injured employee has suffered an injury to what is commonly referred to as a specific member and contends that such injury has extended to and affected other parts of the body or his general health, thereby producing incapacity and entitling claimant to recover as for a general in-

jury. The issue as suggested by Chief Justice Alexander calls for a finding by the jury that the extension of the injury so as to affect other parts of his body in some degree contributed to causing claimant's disability. This finding to our minds is essential to enable claimant to recover as for a general injury when his original injury was to a specific member. But for the instructions given by the Court in this case immediately preceding the Special Issues submitted, we would be inclined to agree with appellant that appellee had failed to secure a finding by the jury that would support a judgment for total permanent disability resulting from a general injury. In this connection the Court in this case, in his instructions preceding the submission of the Special Issues, charged the jury in part as follows: "You are further instructed that neither total incapacity nor partial incapacity as such terms are used herein can exist where an injury and its effects are confined solely to the fingers, to a hand or to an arm, or where such injury produces only a loss of the use of fingers, of a hand or of an arm * * * bearing in mind the foregoing instructions and definitions and such other instructions and definitions, if any, hereinafter given you, you will answer the following questions." Then follows the several Special Issues above referred to. Evidently the jury had in mind these instructions when they found, in answer to Special Issues Nos. 16–20, that appellee's injuries had extended to and affected his left shoulder, affected his general health and that he was totally and permanently incapacitated. We are of the opinion that when the jury made these findings, with the instructions given by the trial court in mind, that it constitutes at least an implied finding by the jury that the extension of appellee's injuries so as to affect his shoulder and his general health was one of the producing causes of appellee's incapacity, thereby entitling him to recover as for a general injury.

■ Appellee makes a similar contention, that is, that there was no conflict in either of the verdicts tendered to the Court by the jury and that appellee was entitled to a judgment for total permanent disability under either of the verdicts tendered to the Court, contending that a finding by the jury, in answer to Special Issues Nos. 30, 31 and 32, that appellee's *incapacity* had been and would be confined to the loss of the use of his hand or fingers would not and does not establish that appellee's injuries were specific rather than general, so as to confine him to recover under the provisions of Section 12, Art. 8306, and cites as supporting this contention Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463 in which it was said that such issue does not submit the real issue and points out that the real issue is whether or not the injury affected other portions of his body or was confined solely to his left leg below the knee. In other words, the jury must find that the *injury* is confined to the specific member rather than his *incapacity*. Appellant's contention also finds support in Federal Underwriters Exchange v. Simpson, Tex.Civ.App., 137 S.W.2d 132 wherein the distinction between a finding limiting claimant's injury to a specific member and a finding which undertakes to limit claimant's incapacity to a specific member is discussed. In all the cases we have read the rule seems to have been recognized that in cases of this character that the controlling and ultimate fact issue for the jury's determination before claimant could be limited to recover for a specific injury is whether or not the *injury* which claimant received extended to and affected other portions of his body or his general health so as to produce incapacity, or is confined solely to the specific member in question. See, also, Texas Employers Insurance Ass'n v. Stephenson, Tex.Civ.App., 178 S.W.2d 883; Great American Indemnity Co. v. Sams, Tex.Civ.App., 170 S.W.2d 564.

■ In view of the foregoing authorities, we agree with the appellee's contention that the finding of the jury, in answer to Special Issues Nos. 30, 31 and 32, to the effect that appellee's incapacity was limited to the loss of the use of his hand and of his fingers was not sufficient to restrict appellee's right to recover to the loss of a specific member, to-wit, his hand or fingers.

■ By Point No. 3 appellant complains of the refusal of the trial court to declare

a mistrial on appellant's motion when the jury had found that Owens had sustained total permanent incapacity, and that his incapacity was limited to the loss of the use of his left hand. Appellant cites no authorities in support of his contention and we have found none. In fact, if we are wrong and there was a conflict in the findings to the issues discussed, the trial court was under no obligation to either party to declare a mistrial and was acting within its authority in retiring the jury for further consideration of the issues in an effort to eliminate such conflicts. Traders & General Ins. Co. v. Carlile, 138 Tex. 523, 161 S.W.2d 484; Hartford Accident & Indemnity Co. v. Clark, Tex.Civ.App., 126 S.W.2d 799. We find no error in the charge given by the Court for this purpose. On the other hand, if we are correct in agreeing with appellee that he was entitled to the judgment finally granted him upon each of the verdicts as tendered by the jury, then appellant is in no position to complain as the appellee was the only one that could have suffered by any change made by the jury in either of the verdicts tendered.

By Special Issue No. 4 appellant complains of the refusal of the trial court to submit its requested issue inquiring as to whether or not the appellee's total disability, if any, was temporary, said issue being a proper defensive issue raised by the pleadings and evidence. We agree with appellant that this issue was raised by both the pleadings and the evidence. However, we are convinced that the issue as to the duration of appellee's total incapacity was adequately submitted in the Court's charge by Special Issue No. 20, which is as follows: "How long do you find from a preponderance of the evidence that such total incapacity, if any, has continued or will continue from the date of its beginning, if any." This court held in Safety Cas. Co. v. Teets, 195 S.W.2d 769 that a similar issue was sufficient to present appellant's defense of temporary incapacity by simply inquiring how long a period of time the total disability, if any, will continue, for the reason that such issue gives a jury a fair opportunity to answer that appellee's disability was either temporary or permanent by stating its duration, citing Maryland Cas. Co. v. Landry, Tex.Civ.App., 147 S.W.2d 290; United Employers Cas. Co. v. Stewart, Tex.Civ.App., 157 S.W.2d 178.

It follows from what we have said that all of appellant's points are overruled and the judgment of the trial court is affirmed.