**TRADERS & GENERAL INS. CO. v. BRADFUTE.**

**No. 9873.**

Court of Civil Appeals of Texas. Austin.

April 19, 1950.

Rehearing Denied May 10, 1950.

R. E. Schneider, Jr., George West, Paul W. Mason, and Kemp, Lewright, Dyer & Sorrell, Paul W. Mason, Corpus Christi, for appellant.

Phillips, Horton & Williamson, Warren B. Phillips, Corpus Christi, C. C. Triplett, George West, for appellee.

GRAY, Justice.

This is a workmen's compensation case, wherein appellant has appealed from a judgment, rendered on a jury's verdict, awarding appellee damages for an accidental injury sustained in the course of his employment with W. H. Appell, the insured employer.

Appellee alleged that his injury resulted in his total and permanent incapacity, and, in the alternative, that such injury resulted in his temporary total incapacity and that following such temporary total incapacity, he suffered partial incapacity.

Appellant answered by general denial, and further that if appellee suffered any incapacity the same was merely partial and temporary.

By special issue two the jury was asked: "Do you find, from a preponderance of the evidence, that B. O. Bradfute became totally incapacitated as a result of the injury, if any, sustained by him on November 29, 1948?"

This issue was answered "Yes."

Conditioned on an affirmative answer to issue two, the jury was told to answer issues three and four. Issue three asked on what date total incapacity, if any, began, and issue four asked for what period of time, if any, has such total incapacity continued or will continue? Issue five asked if appellee sustained any partial incapacity following his total incapacity, if any. Issue 5 was answered "Yes," and conditioned on such affirmative answer, the jury was told to an-

swer issues six and seven. Issue six asked for what period of time had such partial incapacity, if any, continued or will continue after the beginning of the same? Issue seven asked what extent or degree of partial incapacity, if any, did appellee suffer?

Appellant objected to the charge because it did not unconditionally submit its defensive theory of temporary total, duration of temporary total, partial incapacity and duration of partial incapacity, and with its objection submitted requested issues one and four.

It is not questioned that the pleadings and evidence are sufficient to put in issue the total permanent, temporary total, temporary and partial incapacity of appellee. For such reasons then we are concerned only with the question of whether or not the charge as submitted was sufficient to meet appellant's objections and tender of issues.

Appellant's requested issue one simply asked the jury to find whether appellee's total incapacity, if any, was or was not temporary, and issue four whether appellee's incapacity was or was not merely partial.

If the jury had answered issue two, supra, "No," then total incapacity would have passed out of the case and no judgment for total incapacity would have been authorized. It was then necessary that total incapacity be found before there arose any necessity to determine whether or not it was temporary, or the period of time that it existed. It was also necessary that the jury find by an affirmative answer to issue five, or a similar issue, that temporary incapacity existed before any occasion arose to find for what period of time and to what extent or degree it existed.

Issues two and five were not conditionally submitted in any respect, but the jury was told that if these respective issues were answered in the affirmative then they should answer issues three and four, and six and seven, respectively. The jury having answered issues two and five "Yes" they were then given a fair opportunity to fix, as they did, the beginning and duration

of each incapacity. Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769, Er.Ref. For which reason we do not think appellant could have suffered harm from the manner of the submission of these issues. Texas Employers Ins. Ass'n v. Tate, Tex.CivApp., 214 S.W.2d 877, Er. Ref.N.R.E.

In Superior Ins. Co. v. Owens, Tex.Civ. App., 218 S.W.2d 517, Er.Ref.N.R.E., the court held that an issue identical with issue four here was sufficient to present the duration of appellee's total incapacity, even though appellant had requested an issue inquiring whether or not the appellee's disability, if any, was temporary, which was there a proper defensive issue raised by the pleadings and evidence.

Appellee alleged his average weekly wage was $112. The jury found the average weekly wage of an employee who did the same work (as appellee) substantially the whole of the year immediately preceding November 29, 1948, in the county and neighboring places was $114, and further that in calculating the compensation rate of appellee, an average weekly wage of $112 would be just and fair to appellee and appellant.

The judgment awarded appellee recovery for total incapacity for 104 weeks at $25 per week, and for partial incapacity for five years at $25 per week, the same being a total of 364 weeks.

As we understand appellant's objections they are: (1) there is no evidence to support the jury's finding of an average weekly wage of $114; (2) the evidence is not sufficient to support the jury's finding that another employee did the same or similar work as appellee for substantially the whole of a year in the neighborhood preceding appellee's injury; (3) appellee's compensation rate must be determined according to the provisions of Subsection 2 of Section 1 of Article 8309, Vernon's Ann. Civ. Statutes.

██ Wilbur Shipp, an employee in Live Oak County, who worked at the same character of work as appellee, and who was an employee of the same class, testified: that he worked 318 days between No-

vember 28, 1947, and November 28, 1948; that the lowest wage rate he received during that time was $2 and $2.10 per hour, and that "I know I made $6,012.00 last year." And further, "We were being paid from $19 to $21 a day, making $570.00 a month." This witness did say he "lost a little time" during the months of January, February and March of 1948, but we think the evidence was sufficient to support the jury's findings.

The prescribed method for determining the employee's average annual wage is by multiplying his average daily wage by three hundred, and his average weekly wage by dividing his average annual wage by fifty-two.

The jury found appellee's partial incapacity to be fifty per cent. We think it is apparent that appellant has not suffered any injury by the method of calculation that may have been employed. Texas Employers Ins. Ass'n v. Tanner, Tex.Civ.App., 218 S.W.2d 277, Er.Ref.N.R.E.

We have examined all points and arguments presented by appellant and we are of the opinion that none of them presents reversible error, for which reason the judgment of the trial court is affirmed.

Affirmed.