**NATIONAL SURETY CORPORATION,**
Appellant,

v.

**Charles R. WINDER, Appellee.**

No. 6919.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 22, 1960.

Rehearing Denied March 28, 1960.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Huff, Splawn & Bowers, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., by Charles R. Winder to set aside an award of the Industrial Accident Board. Appellee, Winder, seeks to recover from appellant compensation for injuries to his right hand sustained by appellee in the course of his employment. Appellee alleged because of the accident and resulting injuries he had been disabled to the extent of 40 per cent total permanent loss of the use of his right hand. Appellant answered that appellee did not give due and proper notice to the employer and never at any time reported to the employer that he had sustained the injuries complained of and denied appellee was injured as he alleged he was. Appellant pleaded in the alternative that if it be determined that appellee did sustain an injury while in the employ of the employer, that such injury was confined to his little finger and that any disability or loss of the use of appellee's hand was caused solely by the loss of use of his little finger.

The case was submitted to a jury upon special issues. The jury found that appellee while working as an employee of Plains Meat Company in the course of his employment sustained an accidental personal injury to his right hand on December 24, 1957; that Plains Meat Company through its agents or representatives received notice of appellee's injuries within 30 days from December 24, 1957; that such injury had resulted in partial loss of the use of his right hand; that such partial loss of use of the right hand began December 24, 1957; that such partial loss of the use of his right hand was permanent; that the percentage of the partial loss of the use of his right hand was 40 per cent and that the injury or injuries or the effect thereof were not confined to appellee's right little finger, his ring finger and the third metacarpal bone of the right hand. Upon the findings of the jury the trial court entered judgment for appellee for 40 per cent partial permanent loss of the use of the appellee's right hand. From that judgment appellant perfected this appeal.

■ Appellant presents this appeal upon 23 points of error but presents them under four groups and then presents Points 12 and 13 separately. Under Group 1 it is contended the court erred in defining the term "hand" and in refusing to define the term "hand" so the jury would be informed that the "hand" under the Workmen's Compensation Act does not include the fingers and erred in not giving appellant's requested definition of the term "hand." Appellant's requested definitions were that the term "hand" meant that portion of the body below the elbow but excluding the fingers and thumb and the term "hand" meant that portion of the body above the knuckle joints and below the elbow. We are of the opinion and so hold that the fingers and thumb are a part of the hand. The term "hand" under the Workmen's Compensation Act means the arm up to but not including the elbow. The trial court defined the term "hand" as meaning that portion of the right upper

extremity below the elbow. This definition was approved in the case of Maryland Casualty Company v. Landry, Tex.Civ.App., 147 S.W.2d 290 and a writ was dismissed by the Supreme Court as judgment being correct. It is stated in American Employers Ins. Co. v. Climer, Tex.Civ.App., 220 S.W.2d 697, at page 700:

"The testimony raises the issue of injury to, and loss of the use of, the left hand in the usual tasks of a working man. The rule is that to allow a recovery for the loss of the use of a hand, as distinguished from the fingers, the injury (that is, the damage or harm to the physical structure, and such diseases and infections as naturally result therefrom) must extend to the hand above the fingers and affect the hand proper (that is, cause a percentage of the loss of the use of the hand above the fingers) other than and in addition to that resulting from the loss of use, if any, of the fingers."

See also Maryland Casualty Company v. Jackson, Tex.Civ.App., 139 S.W.2d 631. Appellant's first group is overruled.

■ Group 2, which includes assignments of error 3 through 7, complains of the submission of Issues 1, 2 and 3 given by the trial court and in overruling appellant's objection to the special issues. Appellee pleaded as follows:

" * * * as a result of said accident, plaintiff sustained and suffered the following injuries: severe lacerations on the knuckles joints and palmel hand and the 4th and 3rd fingers of the right hand and thumb of the right hand which injuries to these fingers and thumb extends to and affects the right hand below the elbow and as a result of which the plaintiff has lost 40% use of his right hand."

The three special issues involved inquired of the jury if appellee sustained an accidental personal injury or injuries to his right hand on or about December 24, 1957, while working as an employee of Plains Meat Company and while in the course of his employment with Plains Meat Company. The jury answered all three of these issues in the affirmative. We are of the opinion there was sufficient evidence to sustain the findings of the jury on all three of these issues. American Employers Ins. Co. v. Climer, supra, quoted above. Appellant's Group 2 is overruled.

■■ Appellant's Points of error 8 to 12, both inclusive, raise the issue as to whether the court erred in submitting Special Issue 10 and refusing to submit appellant's Special Requested Issues 1, 2 and 4. In Issue 10 the trial court inquired of the jury as to whether the injury or injuries or the effect thereof were not confined to the plaintiff's right little finger, his ring finger and the third metacarpal bone of his right hand. In answer to that issue the jury answered that such injury or injuries or effect thereof were not confined to plaintiff's right little finger, his ring finger and the third metacarpal bone of his right hand. Appellant's Requested Issues 2 and 4 ask the same question asked by the court in Special Issue 10 only the Issues 2 and 4 limit the issue to the little finger. We see no real difference as to appellant's Requested Special Issue 1 and Special Issue 10 given by the court. It is our view that Issue 10 which was submitted presented in substance the same inquiries as those contended in appellant's Requested Issues 1, 2 and 4. Rule 279, Texas Rules of Civil Procedure provides:

"Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

Appellant's Points of error 8 to 12, both inclusive, are overruled. Appellant's 13th point of error is as follows:

"The trial court erred in refusing to grant Appellant's Motion for Mistrial,

and Appellant's Motion for New Trial herein, based upon the court's comment upon the weight of the evidence when he stated to Appellee's counsel in the presence of the jury that 'At this time, I think you've already shown from this witness that they did have notice', because such comment by the court was on a vital issue in the case, and prejudiced the rights of the Appellant with reference to a legal defense raised by the pleadings and the evidence."

The first witness to testify in the case was the appellee, Charles Ray Winder. After Winder had testified as to the accident he stated that Bill Presley was the manager of the company and immediate supervisor of all the employees and was present when appellee was injured and was the one that administered the first aid to appellee. Appellee further testified that he notified the secretary and bookkeeper, Virginia Coyle, of his accident and that he went to see Dr. Dunn sometime between the 1st and 5th of January at the instructions of Mr. Halsell, the owner of Plains Meat Company. Later however, Mrs. Coyle and Mr. Halsell denied these statements. After the testimony of Mr. Winder was introduced as to the matters above stated appellee sought to show certain conditions which he contended he was working under with reference to his injuries and with reference to the working conditions and to show the bias and prejudice of the people that were defending in this case. The court sustained appellant's objections and instructed the jury not to consider the statement made by appellee's attorney as to why he wanted to introduce that evidence as to the conditions under which appellee was working. At the time of sustaining appellant's objection the court made the following statement before the jury: "At this time, I think you've already shown from this witness that they did have notice." The attorney for appellant made the following objection: "If the court, please, now, we object to that." The court replied: "I mean from the witness

and the witness's testimony." Again the attorney objected as follows: "Note our objection and exception to the court's statement." The court thereafter instructed the jury as to his remarks as follows:

"The Court: Ladies and gentlemen, I want to further instruct you that the function of the jury is to pass upon the facts of the case, and I did not mean to convey to you and, if I did, I want you to thoroughly understand that what I meant was that the witness had testified that the employer had notice. Now, I'm sure there'll be some other testimony in the case and the function of the jury is to listen to all of the testimony and then determine what it, the jury, thinks the facts are, and if I left that impression, I want you folks to disregard that because I sure didn't mean to tell you to take this witness's testimony in preference to anybody else's testimony. All right. Let's proceed."

If these expressions were in error and the instructions did not correct the error we think they would be harmless. The undisputed record shows that Mr. Presley was the manager of the Plains Meat Company at the time of this accident and was present when appellee was injured and rendered first aid and naturally knew about the injuries and this would be notice to Plains Meat Company. Appellant's 13th point of error is overruled.

The remaining assignments of error involved the arguments made by appellee's attorney. Without attempting to set out all the arguments made by the attorney and complained of by appellant we do not believe any of the arguments were such as to prejudice the rights of appellant and overrule such assignments.

In our opinion the record in this case fails to show reversible error. All of appellant's points of error are overruled and the judgment of the trial court is affirmed.