786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NEIL H. CARGILE, JR., d/b/a The Cargile Company, Plaintiff-Appellee,
v.
DELLA COAL SERVICES, INC., formerly known as Grant's Branch,
Defendant-Appellant.
 85-5306
 United States Court of Appeals, Sixth Circuit.
 2/14/86
 
 M.D.Tenn.
 AFFIRMED
 On Appeal from the United States District Court for the Middle District of Tennessee
 Before: KENNEDY and CONTIE, Circuit Judges; and GIBSON, District Judge*.
 KENNEDY, Circuit Judge.
 
 
 1
 Plaintiff Neil H. Cargile, Jr., d/b/a The Cargile Co. ('Lessor'), sued Della Coal Services ('Lessee') to recover payments allegedly due under a lease agreement for use of a coal washer and to recover the balance due on an open account for sales of equipment and supplies. Lessee counterclaimed for fraud and misrepresentation and for breach of warranty, seeking consequential damages. Diversity of citizenship enabled the parties to invoke the jurisdiction of the United States District Court for the Middle District of Tennessee under 28 U.S.C. Sec. 1332. The lease agreement specified that Tennessee law applied. The case was tried without a jury, and the court found that while Lessee did violate the terms of the lease, Lessor also breached his express and implied warranties. The court therefore granted the following remedies: Lessor recovers $20,619.85 for the balance due on the open account for sales of equipment and supplies; Lessor retains, under quantum meruit, the $50,000 paid inadvance for the last five months' rent but does not recover any other payments allegedly due on the lease; Lessee does not recover consequential damages because such damages were expressly precluded by the lease agreement. Lessee appeals the denial of his counterclaim for consequential damages.
 
 
 2
 The District Court found that the lease agreement between the parties expressly provides that Lessor is not liable for consequential damages arising from problems of any kind related to the coal washer. Paragraph 12 of the agreement provides:
 
 
 3
 Lessee assumes full responsibility for the equipment, its use and operation, during the entire rental period; and the Lessor assumes no liability for loss of time or damage on account of accidents or delays and will make no allowance for loss of time due to weather conditions or suspension of work or otherwise [except force majeure].
 
 
 4
 Paragraph 16 of the agreement further provides:
 
 
 5
 The Lessor shall not be liable in any event to the Lessee for any financial loss, delay or damage of any kind or character resulting from defects in, or the inefficiency of the equipment hereby leased or accidental breakage thereof. Lessor and AMMCO warrant the washer against defective material or worksmanship [sic] for a period of 90 days after placed in operation.
 
 
 6
 The District Court was not in error in finding that these clauses operate to limit the remedies available to Della Coal-specifically, to exclude consequential damages.
 
 
 7
 Lessee argues that the Uniform Commercial Code ('U.C.C.'), codified at T.C.A. Secs. 47-1-101 et seq, allows for consequential damages and furthermore that section 2-719(2) would render the exculpatory provisions in the agreement ineffective as they operate to deprive Lessee of any remedy whatsoever. Whether or not Lessee would be entitled to consequential damages under the U.C.C. is irrelevant, however, as the U.C.C. does not apply to causes of action of this type under lease agreements.[1] The Tennessee Supreme Court has recently reaffirmed the law of that state on this point, in Baker v. Promark Products West, Inc., 692 S.W.2d 844 (Tenn. 1985). In that case the lessee brought a products liability action against the lessor, among others, for injuries lessee sustained while operating a stump grinder. The court granted plaintiff's application for permission to appeal expressly to consider the question of whether a cause of action could be maintained under the Tennessee Products Liability Act, T.C.A. Secs. 29-28-101 et seq, against a lessor on the theory of breach of implied warranties of the U.C.C. The court held that the Products Liability Act was intended to encompass bailors and lessors and for that reason a cause of action for breach of warranty could be maintained against the lessor. The court went on to note, however, that concern for the consumer motivated this expansion of the provisions of the U.C.C. and that in a purely commercial context a lease arrangement is not subject to the U.C.C.:
 
 
 8
 Of course, if the action is not a products liability action for personal injury or property damages as defined in Sec. 29-28-102(6), then the provisions of the Uniform Commercial Code would control and an actual 'sale' would be required.
 
 692 S.W.2d at 847.[2]
 
 9
 Absent the provisions of the U.C.C., and especially section 2-719(2), the parties to a lease agreement are free to contract to limit liability as they wish. Chazen v. Trailmobile, Inc., 215 Tenn. 87, 384 S.W.2d 1 (Tenn. 1964). Both parties to this agreement were experienced business people who, we can assume, were capable of sufficiently protecting their own interests before entering into the deal. We therefore affirm the decision of the District Court that Lessee is not entitled to recover consequential damages arising from any breach of warranty by Lessor.[3]
 
 
 
 *
 Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 The U.C.C. does not apply to leases in general, unless the lease is actually not a true lease but a financial arrangement amounting to a security interest. Anderson, Uniform Commercial Code, Sec. 1-101-19
 
 
 [2]
 Although the District Court relied on provisions of the U.C.C. to find that Lessor had breached warranties, the result reached by the court is unaffected by our decision not to apply the U.C.C. to this transaction. Breach of an express warranty, for example, is proscribed by common law quite apart from the U.C.C. See, e.g., Crescent Cotton Oil Co. v. Union Gin & Lumber Co., 138 Tenn. 58, 195 S.W.2d 770 (Tenn. 1917)
 
 
 [3]
 Lessee also argues fraud and misrepresentation, but the District Court correctly did not find fraud in Lessor's dealings with Lessee. Lessor was perhaps overly optimistic in his predictions about the capacity of the coal washer to process Lessee's gob pile, but under Tennessee law, fraud consists of 'a statement of an existing or past material fact, made with knowledge of its falsity . . ..' Fowler v. Happy Goodman Family, 575 S.W.2d 496, 499 (Tenn. 1978). Conjecture as to future events is not actionable in fraud. Edwards v. Travelers Insurance of Hartford, Conn., 563 F.2d 105 (6th Cir. 1977)