TEXAS EMPLOYERS' INSURANCE ASSOCIATION
v. ELVIN B. LEE.

No. A-4032. Decided March 25, 1953.
Rehearing overruled April 29, 1953.
(256 S. W. 2d Series 569)

*Buford, Ryburn, Hincks & Ford* and *Howard Jensen,* all of Dallas, for petitioner.

*White & Yarbrough* and *H. J. Yarbrough,* of Dallas, for respondent.

PER CURIAM.

It necessarily follows from our recent holding in Texas Employers' Ins. Ass'n. v. Hatton, 152 Texas 199, 255 S.W. 2d 848, that the trial court erred in overruling the motions of our petitioner insurance carrier, which agreed that any award of workmen's compensation should be paid in a lump sum and accordingly requested the Court to forbid reading to the jury the portions of respondent's pleading with regard to (a) approval of the amount of attorney fees to be paid by respondent and (b) facts (including the liability of respondent for attorney fees and the personal financial status of respondent) bearing on the right of respondent to a lump sum as against weekly payments of whatever he might recover. It also follows that the actual *reading* to the jury of the mentioned portions of respondent's pleading over the objection of petitioner was, under the circumstances, reversible error. The judgment of the Court of Civil

Appeals, affirming the trial court judgment for the respondent, is thus in conflict with Texas Employers' Ins. Ass'n. v. Hatton, supra, and must be reversed, whatever the merit of the other points for reversal which petitioner presents. None of the latter are such as to entail a rendition for petitioner, if sustained, and conceivably the questions they reflect will not arise on another trial. We may, therefore, properly reverse both judgments below and remand the cause for a new trial without the formality of granting the writ of error and hearing oral argument. Rule 483, Texas R. Civ. Proc., In re King's Estate, 150 Texas 662, 244 S. W. 2d. 660, 664. It is so ordered.

Opinion delivered March 25, 1953.

Rehearing overruled April 29, 1953.