460

TEXAS EMPLOYERS' INSURANCE ASSO-
CIATION, Appellant,

v.

Irvin ENGLISH, Appellee.

No. 6378.

Court of Civil Appeals of Texas.

Amarillo.

March 8, 1954.

Rehearing Denied April 12, 1954.

Vickers & Vickers, Lubbock, for appellant.

Bob Huff, Lubbock, for appellee.

MARTIN, Justice.

Appellee, Irvin English, plaintiff in the trial court, recovered judgment against appellant, Texas Employers' Insurance Association, defendant in the trial court, as insurer for the Farmers Cooperative Compress. The judgment followed the verdict of the jury in allowing appellee 200 weeks of total incapacity followed by 50 per cent permanent partial incapacity. On appeal from this judgment, appellant presents seven points of error.

Appellee pleaded that he sustained a total and permanent disability while "lifting a bale of cotton from the floor *to* the press". He further pleaded that while engaged in this act he suffered severe damage and rupture of the intervertebral disc between the fifth lumbar and the first sacral vertebrae and also sustained other alleged injuries. The record further reveals that appellee's original notice of injury and claim for compensation asserts the following: "I was lifting a bale of cotton from the floor *to* the press * * *." However, in this conjunction it is noteworthy that the record does not contain a scintilla of evidence that appellee sustained any injury while "lifting a bale of cotton from the floor *to* the press". But, appellee attempted to sustain his claim of permanent and total disability by proof that he was injured while trucking cotton *from* the press to the loading dock. (Emphasis added.) The facts necessary to determine the points of error will be discussed in the rulings on the respective points of error.

Appellant's first point asserts that the evidence introduced on the trial of the cause was *insufficient* to support the jury findings to Special Issues Nos. 1, 2, and 3 that plaintiff sustained an accidental injury in the course of his employment. Although recognizing that appellee detailed several versions as to how he acquired his alleged total and permanent disability, the evidence,

including appellee's testimony as meagerly supported by that of one of his friends, is regarded as sufficient to sustain the jury finding that appellee was injured in the course of his employment. The record will not be quoted in detail but the following testimony of Dr. Sam Dunn, a witness for appellant, will sustain the jury finding that appellee sustained an accidental injury in the course of his employment: "A. I am not telling this jury that he was malingering when he came in here; I testified that he had a lumbosacral sprain. * * * A. I felt that he did when he lifted the bale of cotton; in fact, I feel sure he did." Appellant's first point is overruled.

▮ Appellant's second point alleges that there was insufficient evidence to sustain the jury's finding to Special Issue No. 7 awarding two hundred weeks of total incapacity to plaintiff. On this issue the evidence of appellee himself does not reveal a total incapacity for any period of time other than possibly a few days following his injury. He testified as to working at various occupations but the most conclusive evidence adduced by him as to the lack of total incapacity was the fact that he worked from April 7, 1953, to May 16, 1953, for the Forest Lumber Company where he was engaged in unloading sacks of cement weighing 97 pounds per sack and bundles of sheetrock weighing approximately 125 pounds, as well as heavy timbers and other lumber. This work record was corroborated by several disinterested witnesses who were also working for the Forest Lumber Company. In fact, two witnesses testified without controversy that appellee "burnt out" the white man working with him while unloading the cement. The witnesses further testified that appellee made no complaint as to a back injury and performed all this heavy type of work in the usual manner of a workman engaged in such employment. On this issue, under appellee's pleadings that he sustained a ruptured disc it is found that his own medical expert, Dr. D. D. Cross, testified that appellee did not suffer a ruptured disc from the injury but only a compressed disc. Dr. Cross is corroborated

as to the absence of a ruptured disc by the further testimony of Dr. Sam Dunn, who appeared as a witness for appellant. Dr. Dunn testified that appellee merely suffered from a lumbo-sacral sprain which cleared up in a few days and that he advised him to go back to the same kind of work at which he was originally employed as he could see no reason why he was not able to return to such work. Dr. Dunn's testimony on this issue is corroborated by appellee's own testimony revealing that he did go back to the performance of heavy work and duties and that he was able to do this heavy work. Both appellee and Dr. Dunn are corroborated on their testimony revealing that appellee was not totally disabled at any time but was in fact able to perform heavy work and duties by the testimony of numerous employees of Forest Lumber Company who worked with appellee at the Lumber Company. It is evident that Dr. Cross, while testifying as a medical expert for the appellee, based his opinion of appellee's injury and disability upon a hypothetical question which did not include the evidence that appellee had been engaged in unloading cement, sheetrock, and lumber. Yet Dr. Cross, even in the absence of the evidence as to appellee's performing such heavy labor, was unwilling to testify, on direct examination, that appellee was unable to do heavy work but merely testified, "this boy will have a disability in his back for *extremely* heavy lifting and heavy manual labor * * *. I think the pain would finally get him to where he would have to give up and look for a lighter job, if he was doing *extremely* heavy work, now." (Emphasis added.) In addition to the above qualifications placed upon appellee's working ability by his own medical expert, it is observed that Dr. Cross concluded appellee's claim for total disability by testifying directly, "I don't think the man is totally disabled." The jury's finding that appellee suffered total incapacity for 200 weeks cannot be based upon sufficient evidence when such fact issue is not supported by any testimony in the record and is in fact actually controverted by the testimony of both the ap-

pellee and his own medical expert. Appellant's second point of error is sustained. In re King's Estate (King v. King) 150 Tex. 662, 244 S.W.2d 660; Musslewhite v. Gillette, Tex.Civ.App., 258 S.W.2d 104; Dallas Railway & Terminal Co. v. Reddy, Tex.Civ.App., 254 S.W.2d 795.

Appellant's third and fourth points assert error of the court in submitting to the jury an issue as to lump sum settlement and in further permitting plaintiff's counsel to inject improperly before the jury the question of hardship upon the issue of a lump sum settlement. Under the present record there is no evidence as to total and permanent disability and the court erred in submitting an issue as to lump sum settlement and in permitting appellee's evidence thereon. However, such issue might not arise on a re-trial of the cause. Texas Employers Ins. Ass'n v. Hatton, 152 Tex. 199, 255 S.W.2d 848; Texas Employers Ins. Ass'n v. Lee, 152 Tex. 227, 256 S.W.2d 569.

■ Appellant's fifth point asserts that the court erred in computing the wage rate through dividing 52 weeks into the total earnings and finding the weekly wages to be $53.86, instead of following the statutory method of computing the same. The record contains the following stipulation as to appellee's work record and wages earned. "It is stipulated and agreed by and between counsel for plaintiff and defendant that plaintiff worked 325 days in the same or similar employment during the year immediately before his said injuries in Lubbock County, and that he earned the sum of $2800.88 during said period." Appellant's fifth point of error is overruled under the following authorities. Petroleum Casualty Co. v. Williams, Tex.Com.App., 15 S.W.2d 553; Texas Employers' Ins. Ass'n v. Hierholzer, Tex.Civ.App., 207 S.W.2d 178; Texas Employers' Ins. Ass'n v. Derrick, Tex.Civ.App., 207 S.W.2d 199; Texas Employers' Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W.2d 399.

Appellant's sixth point asserts that the trial court erred in overruling appellant's Bill of Exception No. 1 wherein appellant requested the court to instruct the jury not to consider the argument by plaintiff's counsel that plaintiff's doctor, Dr. Cross, testified that plaintiff was totally and permanently disabled, because such quotation of testimony was contrary to the record. This point is overruled as the Bill of Exception does not set forth the argument as made, appellant's objection thereto, and the court's action thereon. Nor does the Bill of Exception reveal that it was presented to the trial court for his examination and signature. However, the record reveals, as pointed out hereinabove, that Dr. Cross did not testify that plaintiff was totally and permanently disabled.

In view of the ruling hereinabove made, there is no necessity to discuss appellant's seventh point requesting a remitter on the ground that the verdict of the jury was too manifestly against the great weight and preponderance of the evidence.

The judgment of the trial court is reversed and the cause is remanded.