AMERICAN GENERAL INSURANCE COM-
PANY, Appellant,

v.

Clifton HARMON, Appellee.

No. 5035.

Court of Civil Appeals of Texas.
Beaumont.

Jan. 13, 1955.

Rehearing Denied Feb. 2, 1955.

Keith, Mehaffey & McNicholas, Beaumont, for appellant.

Adams, Browne & Sample, Beaumont, for appellee.

ANDERSON, Justice.

The appeal is from a judgment, based on a jury's verdict, for recovery in a lump sum of maximum benefits under the Workmen's Compensation Law as for total permanent incapacity. The only question for review is that of whether, after appellant had voluntarily admitted of record that manifest hardship and injustice would result to appellee unless he should be permitted to recover his benefits in a lump sum, it was reversible error for the trial court to permit appellee to introduce evidence tending to show that fact.

After the pleadings had been read to the jury and the introduction of evidence had been commenced, appellant's attorney, in the absence of the jury, dictated of record the following:

"Comes now the defendant, American General Insurance Company, and in open court agrees that in the event of recovery of total permanent disability, compensation may be paid in a lump sum; and further agrees that the allegations of paragraph 18 of plaintiff's first amended original petition, with the exception of that part of said paragraph having to do with the duration and extent of plaintiff's disability, may be taken as true for the purposes of this trial, and

that in the event of a recovery of total and permanent disability, manifest hardship and injustice would result to the plaintiff if his compensation is not paid in a lump sum. This admission is not, however, to be read to the jury, and the defendant is not waiving any of its rights to object to any and all testimony merely by making this admission."

Paragraph 18 of the plaintiff's trial petition, to which reference was made in the foregoing admission, was as follows:

"Plaintiff would further show the court that he is totally and permanently disabled; that he has doctor bills, he owes for borrowed money, that he has no money or funds or property with which to pay said bills, or to take care of himself and family; that it is necessary for plaintiff to have further medical attention and to incur further and additional expenses, and that if compensation be awarded in weekly payments, after said attorneys' fee is paid out of each payment, the balance will be wholly inadequate to support this plaintiff and to procure the necessary medical expenses and to pay his obligations and to take care of this plaintiff. Plaintiff would further show the court that he is prudent and careful and that should said compensation not be awarded to him in a lump sum, then manifest hardship and injustice will result to this plaintiff. Plaintiff would further show the court that he is entitled to four per cent interest on all past due installments of compensation, for which he sues."

This portion of plaintiff's petition had been already read to the jury when the foregoing admission was dictated into the record. No objection was made to its being so read, and the record would even support the conclusion that appellant's counsel insisted it be read. No step seeking its withdrawal from the jury was subsequently taken.

Along with its admission that manifest hardship and injustice would result to appellee unless he should be permitted to recover his compensation benefits in a lump sum, appellant made motion in the absence of the jury to suppress all evidence tending to establish that fact, and that counsel for appellee be instructed to refrain from tendering any evidence in support of the allegations contained in paragraph 18 of his petition above quoted.

The following thereupon passed between the court and counsel for appellant:

"The Court: If you want to make the open admission before the jury, so it will be obvious counsel is relieved of that obligation, I will sustain the motion; otherwise overruled.

"Mr. Mehaffey: You mean, sir, that before the court will so instruct counsel, that the court requires me to make that admission before the jury?

"The Court: The pleading was read, and unless the jury would have knowledge of the admission, it would be prejudicial. Overruled."

We should perhaps add that counsel for appellee all along protested being foreclosed from introducing evidence on the issue unless counsel for appellant would make a satisfactory admission in the presence of the jury.

The appellant having declined to make any admission in the presence of the jury or to agree for the jury to be apprised of the one made in its absence, the appellee proceeded to introduce evidence to show that he himself was married and the father of three minor children, and that he was indebted to various persons in an aggregate amount of $901, a portion of which he had borrowed from the attorneys representing him in the prosecution of this suit. The principal part of this evidence consisted of appellee's own testimony.

Claiming that the issue as to whether appellee, if found to be totally permanently incapacitated, was entitled to recover his benefits in a lump sum had been eliminated by its agreement that he was so entitled, the appellant objected to the introduction of such evidence on the grounds that it was immaterial to any issue in the case and prejudicial to its rights.

Before entering on a discussion of· the admissibility of the evidence, we should per-·haps state that no special issues were submitted to the jury with reference to appellee's right to recover his benefits in a lump sum. However, it appears that the only reason they were not was because appellant reiterated its admission and objected to their submission. Proper issues were prepared and their submission requested by appellee.

 No contention is made that the matters pleaded by appellee, and. which he introduced evidence to prove, were inherently improper matters of pleading and proof on the issue of lump-sum settlement, but only that the evidence was rendered inadmissible by appellant's admission of the fact in issue. We are unable to agree that in the circumstances the admission had that effect. If in any circumstances one litigant is to be conceded the absolute right, for his own advantage and by a mere admission of the fact in issue, to deprive his adversary of the benefits of evidence otherwise admissible, the admission should certainly be made under conditions reasonably assuring that it will work no greater harm to the one offering the evidence than naturally results to him from being deprived of its benefits. The conditions under which the admission was made in this instance were not of this kind. Had the evidence been excluded, appellee would have been before the jury in the attitude of having failed, without explanation, to offer evidence in support of allegations in his petition that had been read to the jury. The jury may then have supposed .that his failure to produce such evidence resulted from his inability to do so, and have concluded that appellee had either knowingly pleaded matters which were untrue or else had pleaded without knowledge, on the mere chance of discovering supporting evidence. Any such reaction toward a part of appellee's case—involving, as it would, appellee's integrity, responsibility, and good faith in presenting his cause to the court and jury—may well have prejudiced the jury against his case as a whole.

 In order to collect benefits under the Workmen's Compensation Law in a lump sum, a party, in the absence of some concession by the opposing party rendering it unnecessary, must plead and prove facts showing that manifest hardship and injustice will result to him if the benefits are not so· paid. Art. 8306, Sec. 15, Vernon's Texas Civil Statutes. A good faith effort to comply with the law in this respect should not be something which can be turned to one's detriment at the mere whim of the opposing ·party by his astute selection of the time at which and the conditions under which he will admit the fact.

The difference in the times at·which the respective admissions were made .and in the relief sought distinguishes this case from those of Texas Employers' Ins. Ass'n v. Hatton, Tex., 255 S.W.2d 848, and Texas Employers' Ins. Ass'n v. Lee, Tex., 256 S.W.2d 569.

 It is apparent from what has been said that we are of the opinion no error was committed by the trial court in overruling appellant's objections and in permitting appellee to introduce the evidence in question. However, if mistaken in this view, we are nevertheless of the opinion that no harm is shown to have resulted to appellant. The evidence complained of was not inflammatory in nature, nor unduly provocative of sympathy, and its general effect had already been placed before the jury by the plaintiff's petition. The sufficiency of the evidence. to support the jury's verdict is not attacked, and we think it amply sufficient to warrant an impartial and unprejudiced jury in rendering the verdict that was rendered. See, Texas Employers' Ins. Ass'n v. Poe, Tex., 253 S.W.2d 645.

For the reasons indicated, the judgment of the trial court is affirmed.

R. L. MURRAY, C. J., and WALKER, J., concur.