Andy CUNNINGHAM, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 14013.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 7, 1962.

Rehearing Denied Jan. 9, 1963.

Rudy Rice, Frank R. Southers, San Antonio, for appellant.

Groce & Hebdon, Richard Tinsman, San Antonio, for appellee.

BARROW, Justice.

This is a workmen's compensation case wherein Andy Cunningham alleged that on or about August 1, 1960, he sustained accidental injuries to his inguinal region and to his lower and middle back areas. The jury returned a verdict which would entitle Cunningham to maximum benefits for total and permanent incapacity to his back, or for total and permanent incapacity resulting from an unsuccessful hernia operation. The trial court granted Association's motion for judgment non obstante veredicto and entered judgment for Cunningham for twenty-six weeks disability, being the maximum benefits allowed by law for a successful hernia operation. Cunningham duly perfected his appeal from this judgment and contends

that the findings of the jury were supported by sufficient evidence to support a judgment in his favor on either count. The Association, by cross-points, contends that in any event the findings of the jury that the injury extended to and affected Cunningham's back, and that he suffered a total and permanent incapacity were so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust and require a new trial. As an alternative cross-point, the Association reserved the right to file a motion for new trial on the ground of jury misconduct. Rule 324, Texas Rules of Civil Procedure.

█ In passing upon Cunningham's points, we are required to examine the evidence in its most favorable light in support of the jury findings, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences which are contrary to the jury findings. On the other hand, in passing upon the Association's cross-points of insufficiency of the evidence, we are required to examine all the evidence to determine if the findings are so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; "No Evidence" and "Insufficient Evidence" Points of Error, by Chief Justice Robert W. Calvert, 38 Tex. Law Review 361.

The jury found that Cunningham sustained an accidental injury to his back, under the trial court's definition which included the acceleration or aggravation of any pre-existing disease by reason of damage or harm to the physical structure of the body. They also found that this injury resulted in total and permanent incapacity. In answer to the affirmative defenses of the Association, the jury found that the incapacity was not solely caused by physical conditions existing prior to the injury, and that the incapacity was not solely caused by the hernia.

Cunningham had worked for thirty-five years as a plasterer helper and prior to the injury had performed hard manual labor without complaint or difficulty. His earnings showed a good work record for two years before the accident. He testified that while lifting wet planks which weighed about one hundred pounds, he felt a sharp stinging pain and a knot in his right groin. He performed light work the rest of the day and on the following day he went to see Dr. Dufner, his family doctor since 1946. He continued to perform light work, such as watering forms, until September 26, 1960, when Dr. Dufner surgically repaired the hernia. He testified that he first noticed the pain in his back in the area approximating the right hip pocket, two or three days after the lifting incident and complained of this pain on his second visit to Dr. Dufner. Two fellow employees corroborated Cunningham's testimony of his back complaints and his performing only light duties after the lifting incident. This testimony was not refuted by Association. In addition, Cunningham's pastor testified that Cunningham did construction work around his church without complaint prior to the accident and subsequent thereto he made complaints about his back upon any physical activity.

The Association showed that Cunningham did not attach much significance to his back injury at the time of taking his deposition, and in fact did not testify concerning same until interrogated by his own attorney.

Three doctors testified concerning Cunningham's condition. Dr. Dufner was called by the Association and gave very strong testimony against claimant. He testified that the back difficulty was related to a muscular difficulty which would be worked out with use and without any future disability. He admitted Cunningham's complaint of back pain, although he thought it had been made prior to the hernia and that Cunningham had changed the location of complaint on his examination just prior to the trial. Cunningham had been treated by two doctors, at his attorney's request, a few months prior to the trial, and both testified that his back trouble was caused by an

aggravation of osteo-arthritis, which in their opinion was the result of the lifting incident.

■ We have concluded that the jury's finding of accidental injury to Cunningham's back is supported by evidence in the record. Moreover, we have carefully examined and considered the entire statement of facts and have reached the conclusion that this finding of the jury is not so against the overwhelming preponderance of the evidence as to be clearly wrong or manifestly unjust.

■ These same questions present more difficulty in regard to the jury findings that the back injury resulted in total permanent incapacity. The record is undisputed that Cunningham has not been gainfully employed since the operation. Cunningham testified that he is unable to perform any physical activity due to the pain in his right groin and low back which he gets upon standing on his feet even long enough to shave. He testified that on several occasions he tried to do household chores around his home, but it brought on the pain. The Association contends that Cunningham's lack of activity is due to his retirement on November 1, 1960, on Social Security benefits of $104.00 per month. The jury was permitted to consider this fact, together with the fact that he had been eligible for benefits for some five months, but did not retire until the accident. His earnings were substantially more than the Social Security benefits. The two doctors called by Cunningham testified that he was not totally disabled for all work; for example, one doctor testified that Cunningham could be a nightwatchman or run an elevator. Both testified that he would never be able to perform manual labor, and in view of Cunningham's long experience in heavy construction work, the jury apparently believed that he could not procure and retain employment. This question has been recently considered by this Court in Muro v. Houston Fire & Casualty Ins. Co., Tex.Civ.App., 329 S.W.2d 326, writ ref., n. r. e., where the

authorities were fully discussed and the jury findings of total and permanent incapacity were upheld. The facts in this case are not comparable to Texas Employers' Ins. Ass'n. v. English, Tex.Civ.App., 278 S.W.2d 460, writ dismissed, where the claimant had continued his regular heavy work without complaint and his medical witness testified that he was disabled only from extremely heavy lifting. Although this fact would not be conclusive, the jury was entitled to give weight to the evidence that Cunningham had not done any work over a period of about sixteen months between the operation and time of trial. The evidence as to why he had not worked was conflicting and the jury resolved this conflict favorably to Cunningham.

■ We conclude that the findings of the jury that the back injury was the producing cause of Cunningham's being totally and permanently incapacitated under the Workmen's Compensation Act, are supported by evidence of probative force. We further conclude from the record as a whole, that these findings are not so against the overwhelming preponderance of the evidence as to be manifestly unjust. We therefore hold that the trial court erred in granting Association's motion for judgment non obstante veredicto and in not entering judgment for Cunningham for total and permanent incapacity based on the wage rate found by the jury. Texas Employers' Ins. Ass'n. v. Waters, Tex.Civ.App., 356 S.W.2d 209, writ ref., n. r. e.; Muro v. Houston Fire & Cas. Ins. Co., supra.

■ The Association by cross-point has properly preserved its right to assert jury misconduct under Rule 327, T.R.C.P., which requires the taking of evidence by the trial court. We, therefore, reverse and remand this cause to the trial court for entry of judgment in accordance with the verdict of the jury, and to permit the Association to file a motion for new trial for the limited purpose of asserting jury misconduct. Rule 324, T.R.C.P.; DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95.