Mary E. TREVINO, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 01–84–0839–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1985.

Rehearing Denied Aug. 1, 1985.

Steve Walsh, Walsh & Munoz, Houston, for appellant.

Diane K. Mullen, Butler & Binion, Houston, for appellee.

Before COHEN, JACK SMITH and DUNN, JJ.

## OPINION

COHEN, Justice.

Mary E. Trevino sued the City of Houston under the Workers' Compensation Act, alleging total and permanent disability from an accident that resulted in a herniated disc. The court entered judgment on the jury's findings and awarded workers' compensation benefits for four months of total incapacity, plus $2000 in medical expenses.

Appellant contends in both her points of error that she should have been allowed to explain to the jury why she did not undergo the diagnostic evaluation recommended by Dr. Kaestner and why she did not return to see Dr. Kaestner for over two years. In her proferred testimony on a bill of exception, she stated that she could not afford treatment and that the City had refused to pay the expenses. Appellant argues that the evidence was material and relevant to establish her motive for failing to see Dr. Kaestner for over two years. Appellee argues that evidence of appellant's financial condition is not material or relevant on the issue of disability.

The evidence is not disputed. On January 23, 1979, appellant, a customer service representative for the city water department, caught her foot in the roller of her secretarial chair. She immediately experienced severe pain in her hip. The next day her hip was x-rayed and she was referred to the first of many doctors.

Approximately one month after the accident, Dr. McNeel, admitted her to a hospital. Dr. McNeel's diagnosis was lumbar sprain with possible lumbar nerve root compression. Free of pain, she left the hospital on March 9, 1979. Appellant saw Dr. McNeel twice more, and then consulted Dr. Mark Stuart, who thought that she might have a herniated disc. After extensive testing, Dr. Stuart concluded that the appellant was suffering from lumbosacral strain, not a herniated disc, and he released her to return to work on May 6, 1979. The City asked appellant to see Dr. Stuart again to confirm her ability to work; and, on May 23, 1979, Dr. Stuart released appellant to return to regular duty.

Appellant continued to seek medical attention and saw various medical doctors, as well as a chiropractor, through the summer and early fall of 1979. Thereafter, she did

not see another doctor until July 28, 1980, when she first visited Dr. G.R. Kaestner. Dr. Kaestner suspected a herniated disc and suggested diagnostic evaluation, but appellant did not follow his recommendation. She did not seek further medical care until July of 1982. In November of 1982, appellant returned to Dr. Kaestner, who performed surgery and removed a herniated disc. Appellant was released to return to work on February 14, 1983, and was pronounced fully recovered on March 3, 1983.

Appellant testified that she had not worked since the accident except briefly in 1983, and that she was forced to quit due to continued pain in her hip. Uncontroverted evidence showed, however, that she had been seen mowing her lawn with a push mower four months before trial.

Appellant relies primarily upon *Allen v. Compton*, 461 S.W.2d 143 (Tex.Civ.App.— Dallas 1970, no writ) for her argument that the court should have admitted the evidence that she could not afford to return to Dr. Kaestner for treatment between 1980 and 1982. That case is distinguishable, however, because the defendant in *Allen*, on cross-examination, attacked the plaintiff's motive for not returning to her doctor and expressly suggested to the jury by its questions that the plaintiff did not return because she was cured. In the instant case, no cross-examination or argument occurred which highlighted the delay in treatment. Appellant has cited no case where a court allowed a workers' compensation (or other) claimant to explain his motive in not returning to a physician when the motive had not been first put in issue by the defendant. The *Allen* court specifically reserved for decision whether evidence like that excluded in the instant case would have been admissible if offered on direct examination. 461 S.W.2d at 147.

In the instant case, the defendant agreed, prior to trial, to pay compensation benefits in a lump sum, if it was found liable. This has generally been held sufficient cause to exclude from the jury facts bearing on the personal financial status of the worker. *Texas Employers Ins. Ass'n v. Hatton*, 152 Tex. 199, 255 S.W.2d 848, 849 (1953); *Texas Employers Ins. Ass'n v. Lee*, 152 Tex. 227, 256 S.W.2d 569 (1953). Appellant cites no judicial decisions supporting her argument that the excluded evidence was relevant under Texas Rules of Evidence 401 and 402. We note that such evidence, even if relevant, may be excluded under Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, all of which appear to be policy considerations underlying the Supreme Court's decisions in *Hatton* and *Lee, supra*.

We further note that the excluded evidence was not entirely favorable to appellant. Facts brought out on cross-examination included that she had not paid anything for the considerable medical care she had received up to the time of trial, and she had not been asked to pay anything other than $460.00 of Dr. Kaestner's bills. The rest of her expenses had been paid by the City, the County charity hospital, or her husband's group medical insurance carrier. The testimony showed that during the period appellant said she could not afford a doctor, her husband had been steadily employed earning more than $20,000 per year, and that he had medical insurance which covered appellant and which she used.

We overrule appellant's points of error one and two.

Appellee points out that it made a timely, unconditional tender of payment of the judgment. Therefore, it requests that no post-judgment interest be allowed. *C.F. Bean Corp. v. Rodriguez*, 583 S.W.2d 900 (Tex.Civ.App.—Corpus Christi 1979, no writ) and authorities cited therein. We agree that no post-judgment interest should be awarded in these circumstances.

The judgment of the trial court is affirmed.