TEXAS EMPLOYERS INSURANCE ASSOCIATION V.
BRUCE O. POE.

No. A-3634. Decided December 10, 1952.
Rehearing overruled January 14, 1953.
(253 S. W., 2d Series, 645.)

*Whitaker, Turpin, Kerr, Smith & Brooks* and *Raymond A. Lynch*, all of Midland, for petitioner.

It was error for the Court of Civil Appeals to hold that the trial court committed reversible error in refusing to declare a mistrial because of the question asked by petitioner's counsel. City of Galveston v. Hill, 151 Texas 139, 246 S.W. 2d 860; Hei-

denheimer v. Thomas, 63 Texas 287; Missouri Pac. Ry. Co. v. Mitchell, 72 Texas 171, 10 S.W. 411.

*Barber & Barber* and *Perry O. Barber,* all of Colorado City, for respondent.

MR. JUSTICE WILSON delivered the opinion of the Court.

The parties will be identified as in the trial court. Plaintiff, an injured employee, filed this case as an appeal from a workmen's compensation award. He appeals from a take-nothing judgment based upon an adverse jury verdict.

The one point of error brought forward is whether or not an improper remark of defendant's counsel requires a reversal.

During cross examination of plaintiff, defendant's counsel asked the following question:

"After you filed your claim down before the Industrial Accident Board *and they didn't give you anything,* you filed your suit here in this court, didn't you?"

Plaintiff's objection was sustained and the question remained unanswered. The trial court first instructed the jury not to consider counsel's remark for any purpose, and then overruled a motion by plaintiff for mistrial based upon the contention, urged here, that the remark that the Industrial Accident Board "didn't give you anything" was so inflammatory and prejudicial to plaintiff's rights that its harmful effects could not be cured by the court's instruction.

Plaintiff plead (and read to the jury) the fact that he did not intend to "abide by" the award of the Industrial Accident Board and that the purpose of this suit was "to set aside" the award and "to recover compensation" at certain rates. So the jury already knew that plaintiff was dissatisfied with the Board's award. It is the better practice not to read to the jury those portions of the pleadings with which the jury is not concerned. City of Galveston v. Hill, 151 Texas 139, 246 S. W. 2d 860. There is in the record evidence upon which an impartial and unprejudiced jury could reach the very verdict the jury did reach in this case. Cole v. Waite, 151 Texas 175, 246 S. W. 2d 849. See the opinion of the Court of Civil Appeals, 250 S. W. 2d 619, for a detailed statement of the facts. In answer to Special Issue No. 2, the jury found that plaintiff's total dis-

ability was limited to one week. This is supported by plaintiff's testimony that he had worked during the period for which he sought compensation. The jury was not required to believe his explanation that he worked in spite of the pain or the medical testimony that arthritis was the result of an explosion. There is no showing that the jury knew that one week's time is non-compensable under Sec. 6 of Art. 8306, V.A.C. S., or that this finding resulted from other than an unprejudiced appraisal of the evidence. There is no showing that the jury knew the effect of their answer to Special Issue No. 12 which was that the incapacity was due solely to stomach ulcers. The mere fact that the verdict resulted in a take-nothing judgment does not establish that it was the result of prejudice. Rules 434 and 503, T.R.C.P.

We hold that under the circumstances of this case this remark was not so inflammatory that it could not be cured by the trial court's instruction. Texas Employers Ins. Ass'n. v. Little, Texas C.C.A., 1936, 96 S. W. 2d 677; Texas Indemnity Ins. Co. v. Halliburton, 235 S. W. 2d 499. Because of the court's instruction it is not error requiring a reversal. We need not consider the defendant's contention that the remark was invited.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered December 10, 1952.

MR. JUSTICE GARWOOD, dissenting.

I regret to be unable to agree that the trial court correctly refused a mistrial. The question was in effect a statement by counsel of inadmissible evidence that normally would be quite as prejudicial, as if counsel for the employee had similarly stated in a suit by the insurance carrier that the Board had awarded total and permanent disability. The statement is not "inflamatory" but one of the type which, in dealing with improper argument, we have usually held not curable by an appropriate admonition of the trial judge, while at the same time holding the "inflammatory" type to be curable. See Wade v. Texas Employeers Ins. Ass'n., 150 Texas 557, 244 S. W. 2d 197. There is no great difference between a statement by counsel made to a witness in the presence of the jury and one made by him to the jury in the course of argument. The importance of the error is not so much in the particular case as in the fact that, with our decision as a precedent, lawyers who are so inclined, may

now with impunity transgress the rules and thus cause others to do the same in self defense, with resultant lowering of our standards of practice.

Opinion delivered December 10, 1952.

Rehearing overruled January 14, 1953.