140 Tex.Cr.R. 340, 145 S.W.2d 180; Arnold v. State, 127 Tex.Cr.R. 89, 74 S.W.2d 997.

There is authority holding that a violation of the National Motor Vehicle Theft Act is not available to enhance the punishment under a State statute such as our Article 63, V.A.P.C. People v. Tramonti, 153 Misc. 371, 275 N.Y.S. 517; People v. Sassone, Co.Ct., 12 N.Y.S.2d 473; People ex rel. Goodrich v. Martin, 183 Misc. 790, 50 N.Y.S.2d 388; and People v. Lohr, 28 Cal.App.2d 397, 82 P.2d 615. See also Annotation 19 A.L.R.2d at page 243.

■ We need not rest our decision upon these authorities alone. If one who violates the National Motor Vehicle Theft Act would, if the act had been committed in Texas, be guilty of receiving stolen property under the laws of this State also, he would not, unless the value of the automobile was $50 or more, be guilty of a felony. See Price v. State, Tex.Cr.App., 308 S.W.2d 47.

■ We conclude that the prior conviction in the Federal Court was not available to enhance the punishment under Art. 63 Vernon's Ann.P.C. and that the allegations of the indictment are insufficient to sustain a life sentence.

■ There is no question but that this Court has the power and authority to prevent the enforcement of a judgment obtained under circumstances which constitute a denial of due process. Ex parte McCune, 156 Tex.Cr.R. 213, 246 S.W.2d 171.

■ Relator having served the maximum term for a second offense of felony theft, is entitled to his discharge from the penitentiary. Ex parte Daniels, 158 Tex.Cr.R. 2, 252 S.W.2d 586; Ex parte Pruitt, 139 Tex.Cr.R. 438, 141 S.W.2d 333.

It is so ordered.

Joe J. SISK, Appellant,

v.

GLENS FALLS INDEMNITY COMPANY, Appellee.

No. 13174.

Court of Civil Appeals of Texas.

Houston.

Jan. 16, 1958.

Rehearing Denied Feb. 6, 1958.

Musick, Musick & Heath and Ted Musick, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski and L. S. Carsey, Houston, for appellee.

WOODRUFF, Justice.

This is an appeal in a workman's compensation suit instituted by appellant, Joe J. Sisk, to set aside an award made by the Industrial Accident Board and to recover compensation benefits against his employer's insurance carrier, Glens Falls Indemnity Company. The parties will be referred to as they were in the trial court, as plaintiff and defendant.

It was stipulated that plaintiff, Joe J. Sisk, was injured in the course and scope of his employment with Ed Averdieck Construction Company and that he had been paid $300 for twelve weeks' compensation.

By his original petition plaintiff alleged that he had sustained total and permanent incapacity as the result of an injury to his "back, neck, shoulder, right elbow, and

the crushing of his left foot and leg" as the result of an accident on March 21, 1956. He prayed for a recovery of compensation for 401 weeks at $25 per week, a lump sum payment, apportionment of one-third thereof to his attorney as his fee; and, in the alternative, if he be denied total and permanent disability, he prayed for a recovery of partial disability.

By trial amendment, he alleged that prior to March 21, 1956, he had a dormant arthritic condition in his back and neck and that the injury aggravated such condition theretofore existing in his back and precipitated the disability of which he complained. In the alternative he further pled that if the injury did not aggravate the arthritic condition, then the injury to his left foot affected him so that he could not walk correctly, thus putting an undue strain on the bones, muscles and nerves of his back, neck and shoulders, which aggravated and incited the pre-existing condition of arthritis and contributed to his total and permanent disability.

Defendant, by its first amended original answer, admitted that plaintiff sustained an accidental injury to his left foot but further pled that such injury was confined solely to the left foot and to the leg below the knee. The defendant also admitted that plaintiff had suffered a 25% permanent partial loss of the use of his left foot and leg below the knee. Defendant admitted therein that manifest hardship would be occasioned if plaintiff should be obliged to collect compensation in weekly payments and agreed that any compensation awarded to him for total and permanent disability should be paid in a lump sum subject to the statutory discount.

Prior to the selection of the jury, pursuant to a motion filed by defendant, the trial court ordered that the plaintiff and his attorney should not read or state to the jury those portions of his pleadings setting forth the maximum number and amount of weekly payments recoverable under the Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., for total permanent disability, i. e., 401 weeks at $25 per week. Plaintiff's attorney was further directed not to read those portions of the petition alleging the amount of the plaintiff's attorney's fees or that the plaintiff would sustain manifest hardship if not paid in a lump sum. He was also instructed not to refer to such matters on voir dire examination, in argument, or at any other time during the trial.

By their verdict, in response to 34 special issues, the jury found that plaintiff did not sustain an injury to both his back and left foot; that he did not sustain any injury to his back; that he sustained total loss of the use of his left foot for 26 weeks, followed by a permanent 60% partial loss of the use of his left foot; that his incapacity to work was solely caused by the loss of the use or partial loss of the use of his left foot, and that $70 per week was a fair and reasonable wage. Based upon such findings, the court set aside the award of the Industrial Accident Board and rendered judgment for plaintiff against defendant for 125 weekly compensation payments of $25 each, of which 57 had accrued amounting to $1,455.72, less $300 theretofore paid plaintiff, or a net of $1,155.72, due as of the date of the entry of judgment, plus 68 payments of $25 each payable weekly beginning May 1, 1957, and awarding plaintiff's attorney the reasonable and customary fee of one-third.

By his first point plaintiff complains of the trial court's action in instructing the plaintiff's attorney not to read from the pleadings, adduce in evidence, or argue before the jury, that under the law in Texas a claimant sustaining total and permanent disability is entitled to 401 weeks at $25 per week, whereas if his disability is confined to the foot he can only recover 125 weeks at $25 per week. In support of the contention that such action on the part of the court was error, plaintiff says, in his restatement of Point No. 1:

"When the trial court forbade his attorney to interrogate the jury panel on voir dire on their qualifications as jurors under the workmen's compensation act involving 401 weeks at $25.00 per week * * * and informing the jury that a foot injury was worth only $125.00 a week under the law, immediate and irreparable harm and damage was done to plaintiff's cause of action, in that he was prejudicially deprived of being able to qualify the prospective jurors properly for a case of this kind and was not able to fully go into the entire case as to be presented by plaintiff. Thus, depriving the plaintiff of a great right in this type of case."

He further urges that such instructions by the trial court deprived him of his "rights to a fair and complete trial in this type of case before any jury" and resulted in "depriving the plaintiff's attorney of arguing in his opinion and closing argument for 401 weeks at $25.00 per week, and showing the jury that the foot was only worth 125 weeks at $25.00 per week and a maximum of $25.00 per week."

In reply the defendant submits that it was not error for the trial court to instruct plaintiff's attorney not to inform the jury that the Workmen's Compensation Act provides a maximum of $25 a week for 401 weeks for total and permanent disability but only $25 per week for 125 weeks if the injury is confined to the foot because (1) it is within the sole province of the court to inform the jury as to the law of the case, (2) such matters could have had no bearing on the material fact issues before the jury, and (3) it would have only served the purpose of advising the jury of the legal consequences of their findings.

■ It is elementary that not all of the pleadings in a workman's compensation suit to set aside a ruling of the Industrial Accident Board and to try the issues de novo in court before a jury should be read to the jury. In Federal Underwriters Exchange v. Bickham, 138 Tex. 128, 157 S.W.

2d 356, Chief Justice Alexander, speaking for the Court, stated that it is a sound rule that it is improper for counsel to disclose to the jury the decision previously made by the Board in the same case. In the later case of Employers' Liability Assurance Corporation v. Young, Tex.Civ.App., 203 S.W. 2d 822, it was held that it was error over an objection to apprise the jury in any manner of such proceedings. In Texas Employers Ins. Ass'n v. Poe, 152 Tex. 18, 253 S.W. 2d 645, 646, wherein the injured employee was the petitioner in the suit to set aside the Board's award and that fact was brought to the jury's attention by both parties, the Court said: "It is better practice not to read to the jury those portions of the pleadings with which the jury is not concerned."

■ Likewise, it is now settled that if the compensation carrier concedes that the pleading and the evidence would sustain a "lump sum" recovery, if the other findings are such as entitle the claimant thereto under the Act, it is error for the claimant's counsel over objection to read to the jury those parts of the pleadings pertaining to the claimant's contract to pay attorney's fees, or the amount thereof, or the personal financial status of the claimant. Texas Employers Ins. Ass'n v. Hatton, 152 Tex. 199, 255 S.W.2d 848; Texas Employers' Ins. Ass'n v. Lee, 152 Tex. 227, 256 S.W.2d 569.

■ It is also elementary that it is an abuse of the trial court's discretion to permit counsel to make a statement to the jury of the legal consequences of any of the jury's findings. Robinson v. Lovell, Tex.Civ.App., 238 S.W.2d 294, writ ref., n. r. e. It follows, therefore, that the court's instruction which prevented plaintiff's attorney from "arguing in his opinion and closing argument for 401 weeks at $25.00 per week, and showing the jury that the foot was only worth 125 weeks at $25.00 per week and a maximum of $25.00 per week" was in nowise improper.

Likewise, there was no error in that part of the trial court's order forbidding plain-

tiff's counsel, in reading the pleadings, to state "to the effect that total and permanent disability is 401 weeks under the Texas law at $25.00 per week" and "that the disability, if confined to the foot, would only involve 125 weeks at $25.00 per week."

■ Obviously, this type of argument and comment is calculated to inform the jury what the law is with reference to the rights of his client and the legal effect of the answers to the issues submitted in the court's charge. Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000. It is solely the province of the court to inform the jury as to the law of the case. Whitner v. Traders & General Insurance Company, Tex., 289 S. W.2d 233.

■ As said in Daniel Lumber Co. v. Settlemire, Tex.Civ.App., 256 S.W.2d 922, writ ref., n. r. e., it is the duty of the trial court to inform the jury as to the law of the state. Argument of counsel should be directed to the facts of the law only as given in the court's charge. Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291; Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000.

■ In view of the foregoing authorities and the admissions made by the defendant in its first amended original answer conceding that plaintiff sustained a 25% permanent loss of the use of his left foot and leg below the knee, and its agreement stated in its motion in limine that manifest hardship would result to the plaintiff if any compensation awarded to the plaintiff was not paid in cash less the statutory discount, we are of the opinion that the learned trial court committed no error in giving the instructions which prevented plaintiff and his counsel from placing before the jury either by the reading of the pleadings, by making a statement during voir dire examination, or by argument, the matters which he stated he intended to place before the jury. Plaintiff's first point is, therefore, overruled.

By his Points 2 and 3 plaintiff complains of the trial court's action refusing to submit his requested Special Issues numbered 33 through 41, which he contends were raised by the pleadings and evidence to establish that a prior arthritic condition of plaintiff's back was aggravated by the injury to the left foot, "which injury", as plaintiff says in his restatement of Point 3, "although confined by way of permanent injury to the foot at the time of the accident caused Plaintiff to walk in such a way as to aggravate the arthritic condition in his back."

For the purpose of continuity, Special Issue No. 32 appearing in the court's charge will be set out, followed by plaintiff's requested Special Issues Nos. 33 and 34 which the trial court refused to submit. Special Issue No. 32 as submitted read as follows:

"Do you find from a preponderance of the evidence that any incapacity to work which plaintiff may be suffering at the time of this trial, is not caused solely by the loss of use or partial loss of use of his left foot?

"Answer 'It is not caused solely by the loss of use or partial loss of use of his left foot', or 'It is caused solely by the loss of use or partial loss of use of his left foot'."

The jury's answer thereto, as shown by the verdict, was:

"It is caused solely by the loss of use or partial loss of use of his left foot."

Plaintiff's requested Special Issues Nos. 33 and 34, which were refused by the court, read:

"If you have answered Special Issue No. 32 'It was caused solely by the loss of the use or partial loss of the use of his left foot' and only in that event, then answer:

"Special Issue No. 33

"Do you find from a preponderance of the evidence that the injury to his left foot sustained by Joe Sisk was a

producing cause, as that term has been defined herein, of any injury to the back or aggravation of a preexisting condition in the back?'

"Answer 'We do' or 'We do not'."

\* \* \* \* \* \*

"If you have answered Special Issue No. 33 'We do', and only in that event, then answer:

"Special Issue No. 34

"Do you find from a preponderance of the evidence that the injury or aggravation of the back sustained by Joe Sisk from a producing cause of the left foot was a producing cause, as that term is defined herein to you, of any total incapacity of Joe Sisk?

"Answer 'We do' or 'We do not'."

All of the other requested Special Issues which the Trial Court refused to submit were to be answered only in the event both of the requested Special Issues numbered 33 and 34 were answered "We do."

This cause has been appealed by plaintiff with a Statement of Facts which contains only one question and the answer taken from the testimony of the plaintiff's physician, Dr. F. O. McGehee, during the trial. The entire instrument, except the caption, is set forth as follows:

"Statement of Facts

"Appellant, Joe J. Sisk, submits the following portion of the cross-examination of Plaintiff's Dr. F. O. McGehee, as a statement of facts in this case:

" 'I believe you stated yesterday just before we closed up shop in your opinion that pain or limp in his left foot could or did cause trouble in the lower back, but couldn't cause trouble in the middle back or neck.

" 'Answer: I made that statement.'

\* \* \* \* \* \*

" 'That is true, and what I meant by that was no evidence of fracture or dislocation. We found the arthritis on the original examination.'

> "Musick, Musick & Heath
> "By (signed) Ted Musick
> "Attorneys for Plaintiff

"It is agreed that the above statement truly constitutes a portion of the testimony on cross-examination of Plaintiff's Dr. F. O. McGehee at the trial of this Cause.

> "Fulbright, Crooker, Freeman, Bates & Jaworski
> "By (signed) L. S. Carsey
> "Attorneys for Defendant"

Plaintiff relies upon the contents of this statement of facts to establish error on the part of the trial court in refusing to submit his requested Special Issues.

The defendant's first contention is that the statement of facts contains no evidence, or insufficient evidence, to support the submission of plaintiff's requested Special Issues numbered 33 through 41 and, therefore, no harm is shown in the trial court's failure to submit such issues.

In McElyea v. Parker, Tex.Com.App.B, 125 Tex. 225, 81 S.W.2d 649, 653, wherein there was no statement of facts filed, it was said:

"Everything must be presumed in favor of the judgment, which is not concluded by the record."

Likewise, in Gill v. Willis, Tex.Civ.App., 282 S.W.2d 88, 89, no writ history, no statement of facts having been filed, the court said:

"Every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. \* \* \* To obtain reversal of a judgment the burden is on an appellant to show the court erred and that he was probably injured thereby."

The court further stated in its opinion:

"It is not incumbent upon an appellee to show that his judgment is sustained

by the evidence. The burden is on the appellant to bring before the appellate court a record that shows error that will require a reversal."

This Court has recently written on the same subject in Texas State Board of Medical Examiners v. McClellan, 307 S.W.2d 317, holding to the same effect, to which reference is here made.

It is indeed doubtful if the so-called statement of facts in this case can be considered for any purpose. It consists only of one question propounded to plaintiff's doctor on cross-examination, and his answer. Both attorneys expressly stipulated in the instrument that it was only a portion of the cross-examination.

In Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669, 672, writ refused, n. r. e., where a partial statement of facts was filed consisting of the testimony of the defendant Rutherford, two out of some 36 exhibits which were offered in evidence and none of the testimony of the three plaintiffs who were the appellants, the court treated the appeal as being without a statement of facts. In this connection the court said:

"In the absence of a Statement of Facts it must be presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the Trial Court. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549. Further, it is only in exceptional cases that an appellant is entitled to a reversal in the absence of a Statement of Facts, and every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. Gill v. Willis, Tex.Civ.App., 282 S.W.2d 88; Houston Fire & Cas. Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600.

*     *     *     *     *     *

"As noted, the partial Statement of Facts is the testimony of but one witness, whereas none of the testimony of the three plaintiffs, nor of other witnesses, nor any of the some 36 exhibits, is included therein. Had the complete Statement of Facts been presented, as the defendant had a right to do, it might have been as impressive to this court as it apparently was to the Trial Judge."

In the absence of a statement of facts, the applicable rule is well stated in Vaughn v. Gulf Ins. Co., Tex.Civ.App., 151 S.W.2d 227, 229, where it was said:

"Four of appellant's propositions complain of the failure of the trial court to submit certain specially requested issues. There being no statement of facts, appellant has not shown any error in this respect."

However, if any consideration could be given to the excerpt from the doctor's testimony, it was entirely too vague, uncertain and indefinite to support a favorable finding to him on any of the plaintiff's requested Special Issues.

Moreover, we are of the opinion that the plaintiff as a ground for reversal of the judgment cannot complain of the trial court's refusal to submit his requested Special Issues numbered 33 through 41 for the additional reason that they were not "in substantially correct wording" as required by Rule 279, Texas Rules of Civil Procedure. As an illustration, the proper wording of an issue submitting the theory advanced by plaintiff's trial amendment would have inquired of the jury whether the injury to his foot "extended to or affected" his back or other parts of his body. Requested Special Issue No. 33 asking whether the *injury* to plaintiff's foot was a *producing cause* of any injury to plaintiff's back or *aggravation* of a preexisting condition in the back, was not "in substantially correct wording" as required by Rule 279, T.R.C.P. Equally inept phraseology has been used in several of the remaining

issues. We, therefore, overrule plaintiff's Points 2 and 3.

Finding no error on the part of the trial court, the judgment is, therefore, in all things affirmed.