**ARGONAUT INSURANCE COMPANY,**
Appellant,

v.

**Clarence R. TITUS, Appellee.**

No. 16225.

Court of Civil Appeals of Texas.

Fort Worth.

May 26, 1961.

L. W. Anderson, Dallas, for appellant.

Dillingham, Schleider & Lewis, and John E. Lewis, Houston, Crumley & Green, and Robert C. Green, Fort Worth, for appellee.

RENFRO, Justice.

The defendant appealed from a permanent partial disability judgment entered for the plaintiff.

In its first point of error defendant contends the court erred in refusing to instruct plaintiff's counsel not to read that portion of his pleadings pertaining to the limited nature of the Workmen's Compensation Act.

It is better practice not to read to the jury those portions of the pleadings with which the jury is not concerned, and the requested instruction would have been proper. Sisk v. Glens Falls Ind. Co., Tex.Civ. App., 310 S.W.2d 118, 66 A.L.R.2d 1. However, in the absence of a showing of prejudice to the defendant, as in this case, reading such portion of the pleading does not constitute reversible error. Texas Employers' Ins. Ass'n v. Logsdon, Tex.Civ. App., 278 S.W.2d 893; Traders & General Ins. Co. v. Smith, Tex.Civ.App., 311 S.W.2d 91; Texas Employers' Ins. Ass'n v. Rubush, Tex.Civ.App., 337 S.W.2d 501; and Texas Employers' Ins. Ass'n v. Rigsby, Tex.Civ.App., 273 S.W.2d 681.

In another point of error defendant contends the court erred in submitting the issue, "Do you find from a preponderance of the evidence that Clarence R. Titus sustained an injury on or about the 12th day of August 1959?", because it was general rather than specific as to time and place of injury. Under the authority of Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, and Maston v. Texas Employers' Ins. Ass'n, Sup., 331 S.W.2d 907, we think the court did not err in the manner of submission of the issue.

**374** ▮

▮ A point of error is based on the refusal to allow defendant to introduce, except X-ray pictures, the records of the Veterans Administration Hospital pertaining to plaintiff. Hospital records are admissible. Travis Life Ins. Co. v. Rodriguez, Tex.Civ.App., 326 S.W.2d 256, Rodriguez v. Travis Life Ins. Co., Sup., 328 S.W.2d 434. The admission of such records, however, is not reversible error in the absence of a showing of harm to the complaining party. Brown v. Shannon West Texas Memorial Hospital, Tex.Civ.App., 222 S.W. 2d 248, Ynsfran v. Burkhart, Tex.Civ.App., 247 S.W.2d 907.

▮ We have given careful attention to the 811 page statement of facts and after inspecting the rejected evidence and all the evidence defendant did introduce, which included plaintiff's claims records in the Veterans Administrative Regional office, we have concluded that the exclusion of the hospital records did not, under the circumstances and facts of this case, amount to such a denial of the rights of defendant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

▮ Defendant was not allowed to permit its witness Jones to testify he was a police officer. Prior to the time Jones was called to the stand the Judge was informed plaintiff had been arrested by Jones a short time before the trial. As a precaution against Jones inadvertently or otherwise disclosing to the jury the above occurrence, the above ruling was made. The testimony elicited from Jones was that he had seen plaintiff at about 5:30 P.M. on the afternoon of May 19, and that plaintiff was not wearing a brace. Previous to the testimony of Jones, plaintiff had testified that at times he took the brace off for as long as an hour or so. He did not testify he was wearing the brace on the occasion mentioned by Jones. Thus, the testimony of Jones was not denied or refuted by plain-

tiff. While we think the court was over-cautious and erred in refusing to permit the witness to identify himself as a policeman, under the circumstances the error was harmless.

Judgment is affirmed.