**TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Appellant,**

v.

**J. O. JACKSON, Appellee.**

No. 4086.

Court of Civil Appeals of Texas.

Waco.

March 21, 1963.

Rehearing Denied April 18, 1963.

Jones, Boyd, Westbrook & Lovelace, Waco, for appellant.

Fulmer, Fairchild & Badders, Nacogdoches, for appellee.

McDONALD, Chief Justice.

This is a compensation case. Plaintiff alleged he was thrown to the ground when a pipe rack fell on him from a truck, and that he sustained injuries to his back, hip, leg and foot. Trial was to a jury which, in answer to issues, found:

1) Plaintiff sustained injury to his back on May 7, 1960.

2) As a result of such injury to his back, plaintiff sustained total incapacity.

3) Such total incapacity began on May 7, 1960.

4) Such total incapacity will be permanent.

5) Plaintiff did not sustain partial incapacity.

9) Plaintiff worked in the same employment for at least 210 days preceding injury.

10) Plaintiff's daily average wage was $17.37 per day.

11) Defendant did not fail to furnish medical aid following his injury.

12) Dr. Brall's aid was reasonably required.

13) Reasonable charge for same is $242.50.

14) Dr. Sigler's aid was reasonably required.

15) Reasonable charge for same is $285.00.

16) St. Paul's Hospital services were reasonably required.

17) Reasonable charge for same is $400.00.

18) Plaintiff's incapacity is not limited solely to the right foot.

19) Plaintiff's incapacity is not limited to the right leg at or below the right knee.

20) Plaintiff's incapacity is not limited solely to the right leg.

21) Plaintiff's incapacity is not caused solely by a circulatory condition, existing wholly independent of and not aggravated by his injury.

22) Plaintiff's incapacity is not caused solely by arthritis, existing wholly independent of and not aggravated by the injury.

23) Plaintiff's incapacity is not caused solely by a chronic prostatitis, existing wholly independent of and not aggravated by the injury.

24) Plaintiff's incapacity is not caused solely by sciatic neuritis, existing wholly independent of and not aggravated by the injury.

25) Plaintiff's incapacity is not due solely to causes other than the injury, existing wholly independent of and not aggravated by the injury.

26) Plaintiff's incapacity is not caused solely by an injury sustained in 1950.

27) The 1950 injury has not contributed to plaintiff's incapacity.

29) Plaintiff's incapacity is not caused solely by an injury sustained in 1952.

30) The 1952 injury has not contributed to plaintiff's incapacity.

The Trial Court entered judgment on the verdict (total permanent incapacity; 401 weeks less 27 weeks already paid to plaintiff) for $12,199.81.

Defendant appeals, contending:

1) The Trial Court erred in refusing to grant defendant's first motion for continuance.

2) The Trial Court erred: a) in not defining general incapacity as an incapacity "not produced by an injury confined to the right leg * * "; b) in not instructing the jury that plaintiff was making no contention that he sustained injury to his right leg; c) and in not sustaining exceptions to plaintiff's pleadings wherein plaintiff alleged injury to his leg.

3) The Trial Court erred in refusing to submit to the jury defendant's requested issue inquiring as to whether plaintiff's disability was temporary.

4) The Trial Court erred in its submission of issues 21, 23 and 24, in that the phrase "and not aggravated by the injury" should not have been included therein.

5) The Trial Court erred in permitting plaintiff's counsel, over objection, to make improper and prejudicial statements in argument.

6) The Trial Court erred in permitting Dr. Sigler to testify to the effects of a ruptured or herniated disc.

7) The Trial Court erred in overruling defendant's exceptions to plaintiff's pleadings alleging that injuries to the back, leg and hip were external in character and could not be described, because such allegations were too vague and indefinite.

8) The Trial Court erred in permitting plaintiff and the witness Reece to testify as to plaintiff's head injuries, as there were no pleadings to such effect.

9) The Trial Court erred in not permitting defendant to introduce a statement signed by the witness Banks, as impeachment evidence.

10) The Trial Court erred in overruling objection to plaintiff's pleadings wherein plaintiff alleged he was entitled to recover for 401 weeks at the rate of 60% of his

average weekly wage, not to exceed $35 per week.

11) The Trial Court erred in permitting plaintiff to plead and prove certain medical bills which had not been submitted to the Industrial Accident Board or to defendant.

■ Defendant's 1st contention complains of the refusal of the Trial Court to grant its motion for continuance. This case was tried twice before this trial, each trial resulting in a mistrial. On 8 May, 1962, the Trial Judge set the case for trial for 30 July, 1962 notifying both parties. On 11 July, 1962 defendant's counsel requested an examination of plaintiff by a Dr. Mahon, which plaintiff agreed to, and was so examined on 26 July, 1962. Dr. Mahon, though an orthopedic specialist, gave plaintiff a thorough general examination. On 26 July, 1962 defendant's counsel requested to take plaintiff's oral deposition. Plaintiff, in his deposition, stated a Dr. Jones of Ponta had treated him for high blood pressure. Defendant, in his motion for continuance, seeks delay in order to take Dr. Jones' deposition to make discovery to prepare defenses in the case. Defendant does not allege that he expects to prove by Dr. Jones that high blood pressure was the sole cause of plaintiff's incapacity. Dr. Mahon, who examined plaintiff on 26 July, did not even take plaintiff's blood pressure. There is no showing that defendant exercised diligence in preparing for trial; that Dr. Jones' testimony was material; that Dr. Jones had ever been subpoenaed to be in attendance at the trial; or that the overruling of the motion for continuance was reasonably calculated to cause the rendition of an improper trial. From the record as a whole, the failure to grant the motion for continuance could not have resulted in the rendition of an improper verdict. We do not think the Trial Court abused its discretion in overruling such motion.

■■ Defendant's 2nd contention is that the Trial Court should have, by definition, instruction and sustaining of exceptions, limited plaintiff's case to a back injury by deleting all reference to the injuries plaintiff received to his right leg. Defendant contends that on the two previous trials of this cause, plaintiff "judicially admitted" that he was making no claim for an injury to his right leg or right foot.

A careful review of the record reflects that plaintiff's admissions were that he was not *seeking compensation* for the specific injury to his leg, and not that he claimed no injury to his leg. In any event, the Trial Court permitted plaintiff to withdraw any such admissions. We think the jury had a right to know of all injuries received by plaintiff in the accident made the basis of this suit. If we be mistaken, we regard the matter harmless under Rule 434, Texas Rules of Civil Procedure.

■ Defendant's 3rd contention is that it was entitled to an issue as to whether plaintiff's disability was temporary. The Trial Court in Issue 4, inquired:

"How long do you find from a preponderance of the evidence that the total incapacity, if any, sustained by J. O. Jackson as a natural result of such injury, if any, to his back has continued or will continue from the date of beginning, if any?

"Answer by stating the period of time, if any."

The jury answered: *"Permanent."*

Defendant contends that the foregoing did not constitute an affirmative and unconditional submission of its defensive theory that the total incapacity of plaintiff was temporary. The issue submitted was sufficient to present defendant's defense of temporary incapacity. Safety Cas. Co. v. Teets, CCA, W/E Ref., 195 S.W.2d 769; Superior Ins. Co. v. Owens, CCA, W/E Ref. n. r. e., 218 S.W.2d 517; Traders & General Ins. Co. v. Bradfute, CCA, W/E Ref. n. r. e., 229 S.W.2d 891; Texas Emp. Ins. Ass'n v. Johnson, CCA, W/E Ref. n. r. e., 275 S.W.2d 211.

■ Defendant's 4th contention is levelled at the phrase *"and not aggravated by the injury"* contained in Issues 21, 23 and 24. Issue 21 reads:

"Do you find from a preponderance of the evidence that plaintiff's incapacity, if any, since November 7, 1960, is not caused solely by a condition of his circulatory system existing wholly independent of, and not aggravated by, the injury, if any, sustained by plaintiff on May 7, 1960?

"Answer: 'It is not caused solely by such circulatory condition', or 'It is caused solely by such circulatory condition.' " To which the jury answered: "It was not caused solely by such circulatory condition."

Issues 23 and 24 were identical except that they inquired of "chronic prostatitis", and "Sciatic neuritis."

■ We believe that the Trial Court's submission of the issues involved not erroneous; if we be mistaken, such constitutes harmless error under the record as a whole. Rule 434 T.R.C.P.

Contention 5 complains of improper argument to the jury by plaintiff's counsel. Issue 21 was to be answered: "It is not caused solely by such circulatory condition," or "It is caused solely by such circulatory condition." Issues 22, 23, 24 and 25 were to be similarly answered with reference to the matters inquired about. Plaintiff's counsel, in arguing these issues to the jury, stated:

"If you leave the word 'not' out of any of those, I'll venture the assertion Mr. Boyd and his group will go home mighty happy."

Counsel for defendant objected, which objection was sustained by the Trial Court, and the jury instructed not to consider such.

Thereafter, counsel for plaintiff argued:

"We ask you to please follow the evidence in this case and so discussing the

evidence directs you to put a 'not' in all of those. I'll say this further thing. There's 29 of them that doesn't call for a 'not'. Number 28 and 31, questions you don't answer at all, after you have answered the others as the evidence directs. But if you leave the word 'not' out of any one of those issues there you will be saying his fall of May 7, 1960 had nothing whatsoever to do with his injury."

Counsel for defendant objected, which objection was overruled by the Trial Court.

■ We think the argument complained of, to which the court sustained objection, if error, cured by the Trial Court's sustaining of such objection, and instruction to the jury not to consider. We think the argument to which the court overruled objection to be proper argument, and in any event, in view of the record as a whole, could not require a reversal. Rule 434 T.R. C.P. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596.

■ Contention 6 complains of the action of the Trial Court in permitting Dr. Sigler to testify to the effects of a ruptured disc. Defendant objected to such testimony on the ground that there was no pleading of a ruptured disc. Plaintiff plead injury to his back, and further "all tissues, and organs of soft, bony and cartilaginous parts of the back, * * * were severely wrenched, bruised, strained, sprained, lacerated and torn." The Trial Court correctly admitted the testimony of Dr. Sigler.

■ Contention 7 complains of the overruling by the Trial Court of exceptions to plaintiff's pleadings to the effect that injuries to plaintiff's back, hip and leg were internal in nature and "their exact nature cannot be described." We think that plaintiff adequately described his injuries in his petition when viewed in its entirety, and that no error is shown by the Trial Court's refusal to sustain the com-

plained of exceptions. If we be mistaken, then such error is harmless. Rule 434, T.R.C.P.

 Contention 8 complains of the Trial Court permitting plaintiff and the witness Reece to testify as to plaintiff's head injuries, on the ground there were no pleadings to such effect. There was abundant evidence that plaintiff sustained an injury to his head in his accident on May 7, 1960, and that he was rendered unconscious thereby. There is no evidence or contention that the head injury caused any incapacity or disability, and plaintiff testified that it did not. No harm is shown. Rule 434 T.R.C.P.

Contention 9 complains of the exclusion by the Trial Court of a signed statement made by the witness Banks, in which no mention was made of plaintiff complaining of a back injury. Banks testified, among other things, that he was present when plaintiff was hurt; and that plaintiff was complaining of his back. Defendant sought to introduce a statement made by Banks 10 months after the accident, in which allegedly no mention was made that plaintiff complained of a back injury. The statement nowhere appears in the record before us. It was at no time offered in evidence on the bill of exception. Nothing is presented for review, since in the absence of the statement in the record we cannot determine whether the Trial Court erred or not in excluding it. Lucas v. Alsmeyer, CCA (n. w. h.) 322 S.W.2d 19; 3 Tex.Jur.2d 670, 672.

Contention 10 complains of the reading to the jury of plaintiff's prayer seeking 401 weeks' recovery at the rate of 60% of average weekly wage not to exceed $35 per week. While it is better practice not to read to the jury those portions of the pleadings with which the jury is not concerned, in the absence of a showing of prejudice, such does not constitute reversible error. Argonaut Ins. Co. v. Titus, CCA (n. w. h.) 347 S.W.2d 372; Sisk v. Glens Falls Indemnity Co., CCA (n. r. e.) 310 S.W.2d 118, 66 A.L.R.2d 1; Texas Emp. Ins.

Ass'n v. Logsdon, CCA (n. r. e.) 278 S.W.2d 893; Traders & General Ins. Co. v. Smith, Tex.Civ.App., 311 S.W.2d 91; Texas Emp. Ins. Ass'n v. Rubush, CCA (n. r. e.) 337 S.W.2d 501.

Defendant's final contention complains of the Trial Court's permitting plaintiff to prove medical bills which had not been submitted to the Board or to defendant. The Trial Court permitted plaintiff to prove up medical bills incurred to Dr. Beale, Dr. Sigler and St. Paul's Hospital, none of which had been submitted to the Board or to the defendant. The jury answered Issue 11 to the effect that defendant did not fail to furnish medical aid and hospital services reasonably required by plaintiff. The judgment of the Trial Court does not include the complained of bills. No harm is shown. Rule 434 T.R.C.P.

All of defendant's points and contentions have been considered and each is overruled. The judgment of the Trial Court is affirmed.