**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,**

**v.**

**Ernestine WILLIAMS, Appellee.**

No. 16670.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 15, 1965.

Rehearing Denied Nov. 12, 1965.

Stone, Parker, Snakard, Friedman & Brown, and Gary Cole, Fort Worth, for appellant.

Woodruff, Hill, Bader & Kendall, and John B. Wilson, Jr., and David M. Kendall, Jr., Dallas, for appellee.

RENFRO, Justice.

Based on jury findings of total and permanent disability, judgment was entered for plaintiff Ernestine Williams against defendant American Motorists Insurance Company.

No complaint is made by defendant that the evidence is insufficient to support the jury findings.

Defendant's first two points of error are based on the action of the court in permitting plaintiff's counsel to read into evidence passages from a medical treatise, and in failing to instruct the jury that such passages were not to be considered as direct evidence of the truth of the matters therein stated.

During the cross-examination of one of defendant's doctor witnesses, he was asked if he was familiar with the study done by, among others, Dr. Spurling in the field of ruptured discs. The witness answered that he was. He was then asked if those named were authorities in that field. He answered, "Yes, they are, but not with a particular patient that I might be seeing." He answered further that those mentioned, including Dr. Spurling, were generally conceded to be authorities on the subject of ruptured discs. Plaintiff's attorney then read several statements from Dr. Spurling's books. The witness agreed with some of the statements and disagreed with others.

■ When a doctor testifies as an expert relative to injuries or disease he may be asked to identify a given work as a standard authority on the subject involved; and, if he so recognizes it, excerpts therefrom may be read not as original evidence but solely to discredit his testimony or to test its weight. Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779 (1949); Gulf, C. & S. F. R. Co. v. Farmer, 102 Tex. 235, 115 S.W. 260 (1909).

■ Since the witness recognized Dr. Spurling as an authority in the field of ruptured discs, it was not error, under the holdings of the above cases, for the court to permit plaintiff's attorney to question him concerning some of the opinions stated by Spurling.

■ The evidence being admissible to test the credibility of the witness or to discredit same, the duty was on defendant, as the objecting party, to request the trial court to limit consideration to those issues. Hogan v. Cunningham, 278 S.W.2d 265 (Amarillo Civ.App., 1954, no writ hist.); Singleton v. Carmichael, 305 S.W.2d 379 (Houston Civ.App., 1957, ref., n. r. e.); Neff v. Johnson, 391 S.W.2d 760 (Houston Civ.App., 1965).

No such request was made. The points of error are overruled.

■ Defendant's attorney was called as a witness by plaintiff and asked, "I will ask you whether or not your file reflects any correspondence *from me to American Motorists Insurance Company*, in behalf of Mrs. Williams, asking for a myelogram test in the hospital be authorized for Mrs. Williams?" (Emphasis ours.) The witness, after objecting that such testimony would be hearsay and violate attorney-client privilege, answered, "Yes, Sir." The letter being from plaintiff's attorney to defendant, neither of the objections is tenable.

Moreover, defendant never denied it had been requested to furnish a myelogram test, and never contended it ever authorized such test.

The request by plaintiff was not a statement that she had a ruptured disc, but a mere request that the test be given in order that it might be determined whether she did. It was not inadmissible, therefore, as a self-serving declaration.

In its fourth point defendant contends the alleged errors discussed above, plus jury argument advising the jury of the effect of their answers to special issues, and improper references to myelogram procedure amounted to cumulative error warranting a reversal.

In defending his client's credibility plaintiff's attorney argued, "What has she got to gain if she is lying? Well, what she has got to gain is a maximum of $35.00 a week for a maximum of 401 weeks, and she has been off work now for over two years. She hasn't been paid. She hasn't gotten anything since the first week in March of 1963. She has given up her job, which she started out at $70.00 per week."

No objection was made to the argument.

It was undisputed that plaintiff's salary had been $70.00 per week at the time of injury and the defendant had paid her $35.00 per week for a period of time after the accident.

■ While we do not approve the argument made by plaintiff's counsel, we believe the error was of the curable type. Texas Employers' Insurance Association v. Rubush, 337 S.W.2d 501 (Fort Worth Civ. App., 1960, ref., n. r. e.); Argonaut Insurance Company v. Titus, 347 S.W.2d 372 (Fort Worth Civ.App., 1961, no writ hist.); Texas Employers Insurance Association v. Jackson, 366 S.W.2d 599 (Waco Civ.App., 1963, ref., n. r. e.); Texas Employers' Insurance Association v. Rigsby, 273 S.W.2d 681 (Beaumont Civ.App., 1954, no writ hist.); Traders & General Insurance Company v. Smith, 311 S.W.2d 91 (Texarkana Civ.App., 1958, ref., n. r. e.); Texas Employers' Insurance Association v. Logsdon, 278 S.W.2d 893 (Amarillo Civ.App., 1954, ref., n. r. e.).

The argument concerning procedure in myelogram tests was based on the evidence, or was a reasonable inference drawn from the evidence. No objection was made to the argument. If there was error in the argument it, too, could have been cured by proper instruction.

■ The test in determining whether reversible error is present is the degree of prejudice flowing from the argument, whether the argument, considered in its proper setting, was reasonably calculated to cause such prejudice to the opposing litigant that a withdrawal by counsel or an instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict. Texas Employers' Insurance Association v. Haywood, 153 Tex. 242, 266 S.W.2d 856 (1954); Rule 434, Texas Rules of Civil Procedure.

Based upon a careful study of the entire record, we cannot say the arguments, singly or cumulatively, were such as were reasonably calculated to cause and probably did cause the rendition of an improper verdict.

Affirmed.