NEUHOFF BROTHERS PACKERS, INC.,
Appellant,

v.

Frank McCAULEY et ux., Appellees.

No. 4421.

Court of Civil Appeals of Texas.

Waco.

Feb. 10, 1966.

Rehearing Denied March 3, 1966.

**930**

Turner, Rodgers, Winn, Scurlock & Terry, John H. McElhaney, Frank J. Scurlock, Dallas, for appellant.

John B. McNamara, Jr., Vernon L. Smith, Waco, for appellees.

WILSON, Justice.

Plaintiffs' action against defendant for damages alleged the operation of a cattle feed lot constituted a nuisance. No recovery was sought for property damage. Upon jury findings of damages and the existence of a nuisance, judgment was rendered for plaintiffs. We affirm.

Defendant's first point is that the issue as to maintenance of a nuisance was erroneous as being multifarious or global because it grouped all plaintiffs' allegations in one issue, thereby allowing the jury to decide liability in one issue, and deprived defendant of its right to have specific findings on the separate conditions alleged to constitute the nuisance.

The issue inquired whether "the operation and maintenance of the feed lot "by defendant" is a nuisance as to the plaintiffs." Plaintiff pleaded that the cattle feeding operation created noxious and sickening odors and noises and produced and attracted flies, mosquitoes and other insects which invaded the property on which plaintiffs resided, and polluted their water supply. "Nuisance" was defined in the charge as any condition brought about by a party in the use of his property, "so unusual and excessive that it necessarily causes damage or harm or inconvenience to another party in the use and enjoyment of his property, substantially, materially and unreasonably interferring with the latter's comfort, and the proper use and enjoyment of his property, taking into consideration the nature and use of the property of both parties, and the character of the community in which they are situated, and which condition would be substantially offensive, discomforting and annoying to persons of ordinary sensibilities, tastes and habits living in the locality where the premises are situated." Defendant made no objections to this definition.

Defendant requested seven issues en masse. These asked submission of whether defendant "is making a reasonable use of its property," whether mosquitoes, flies and dust originated on defendant's property, whether defendant was "maintaining a breeding place for flies" and mosquitoes which resulted in their presence in plaintiffs' home, and whether each of these constituted a nuisance. Since these requests were not presented to the court for action, and there is no order of refusal as required by Rules 272, 273 and 276, Texas Rules of Civil Procedure, the right to complain of their non-submission is waived. Bituminous Cas. Corp. v. Jordan, Tex.Civ. App., 351 S.W.2d 559, 562 and cases cited.

A request for submission of an issue is not a substitute for an objection. City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176, 179 and cases cited; Bell v. Missouri-K.-T. Railroad Co. of Texas, Tex.Civ. App., 334 S.W.2d 513, 516, writ ref. n.r.e.

■ Defendant objected to the first issue "because it is duplicitous in that the jury is called upon to decide many separate and distinct material issues in order to arrive at an answer." This objection is too general to comply with Rule 274. Browning v. Graves, Tex.Civ.App., 152 S.W.2d 515, 520, writ ref.; Classen v. Benfer, Tex.Civ. App., 144 S.W.2d 633, 636, writ dism. c.j.; Panhandle & S. F. Ry. Co. v. Friend, Tex. Civ.App., 91 S.W.2d 922.

■ Defendant did include in its objections statements to the effect that "there should be issues submitted (a) as to whether flies originate at defendant's feed lot, (b) that those flies invade the home of plaintiffs, and (c) whether such flies constitute a nuisance to plaintiffs." Similar statements were made in the objections concerning noise, odor and dust. The assignments in the motion for new trial requisite under Rule 324, however, are that the court "erred in not submitting to the jury" separate, distinct and alternate issues "as to whether the respective items of complaint" so originated, invaded, etc., and that the court erred "in not submitting to the jury defendant's requested special issues" concerning these and the reasonableness of defendant's use of its property. These assignments will not support the point that the court erred in submitting the first issue because it was multifarious and global, under Rule 320, which requires the motion for new trial to "specify" grounds on which it is founded, and provides "no ground not specified shall be considered." See Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407.

If it be considered that defendant's objections to the charge and assignments in its motion will support the first point, nevertheless the 16 additional issues which it now urges should have been submitted would not only have pulverized the single ultimate issue submitted into numerous evidentiary issues which might be said to place undue emphasis on separate and numerous acts and omissions alleged, but they would have deprived plaintiffs of submission of the issue as to whether a combination of these constituted a nuisance.

■ It was not necessary to submit each condition described in the pleadings separately. The point is controlled directly by City of Houston v. Lurie, 148 Tex. 391, 224 S.W.2d 871, 14 A.L.R.2d 61, where the issue submitted was whether buildings which the City sought to have abated and demolished "constitute a serious fire hazard to life and property" under an ordinance. The Supreme Court held it was essential under the ordinance that the buildings constitute a nuisance. The plaintiff had alleged numerous facts which constituted the buildings fire hazards. The Court held the ultimate issues were those submitted: whether the buildings were fire hazards. But the facts alleged to make them such, it was said, "are evidentiary in their character, being facts that tend to prove that the buildings are fire hazards, facts to be considered by the jury in answering the issues submitted." The points are overruled.

We have considered appellant's point that the verdict is excessive, and it is overruled. Affirmed.