**SUPERIOR INSURANCE COMPANY,**
Appellant,

v.

**Alvin S. SANCHEZ, Appellee.**

No. 4712.

Court of Civil Appeals of Texas.

Waco.

April 25, 1968.

Rehearing Denied May 16, 1968.

error, as informing the jury of the effect of its answers. Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000, 1004; Texas Employers' Ins. Ass'n v. Poe, 152 Tex. 18, 253 S.W.2d 645; Sisk v. Glens Falls Indemnity Company, Tex.Civ.App., 310 S.W.2d 118, 122, 66 A.L.R.2d 1, writ ref. n. r. e. See Transport Insurance Company v. Nunn, Tex.Civ.App., 375 S.W.2d 484, 486 and cases cited. Reversible error is not shown, however. Plaintiff introduced testimony from a witness which furnished the same information to the jury, and this without objection from defendant. The error complained of is harmless.

■ Defendant presents points complaining of overruling of objections to the charge. There is no showing in the record that the objections were presented to or acted on by the court as required by Rule 272, Texas Rules of Civil Procedure. They are waived. Neuhoff Bros. Packers, Inc. v. McCauley, Tex.Civ.App., 399 S.W. 2d 929, writ ref. n. r. e.

■ Points that there is no evidence or insufficient evidence to support jury findings have been considered and are overruled. It would not be helpful to recite the evidence to counsel who are familiar with it, or to the bench and bar to whom it would not be precedential.

■ Complaints of admission of deposition testimony of Dr. Garcia that plaintiff was suffering from a conversion reaction were not specified in the prerequisite motion for new trial as required by Rules 320 and 324. The complaints are waived. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Zeek v. Gaddy, Tex.Civ.App., 287 S.W.2d 490.

Appellant's points are each overruled. Affirmed.

Strasburger, Price, Kelton, Miller & Unis, Royal H. Brin, Jr., Dallas, Allison, Baker & White, Corpus Christi, for appellant.

Day, Dio & Fields, Port Lavaca, for appellee.

## OPINION

WILSON, Justice.

The jury in this workmen's compensation case found plaintiff was totally disabled for 401 weeks, and defendant appeals from judgment on the verdict. We affirm.

■ Defendant complains of the action of the court in overruling its in limine motion by which it objected to the reading to the jury of plaintiff's pleading to the effect that he was entitled to compensation at $35 per week for 401 weeks. This was

## ON REHEARING

It is now pointed out that there is a showing in a bill of exception that appel-

lant's objections to the charge were timely presented and overruled. We have considered the points relating to the objections. They are overruled, as are all points. One of these we discuss.

The court defined "accidental injury", as an occurrence "causing damage or harm to the physical structure of the body and such diseases or infections which result therefrom", thus employing, substantially, the wording of the first sentence of Sec. 20 of Art. 8306, Vernon's Ann.Civ.Stat. The definition continued, however: "which can be traced to a definite time, place and cause, including neurosis bringing about malfunctioning of the physical structure of the body if it naturally and directly results from and can be traced to such occurrence at a definite time, place and cause."

■ Appellant objected to the instruction because (by failing to inquire whether the accidental injury was the producing cause of any neurosis) to include neurosis in the definition was an assumption by the court that the injury produced the neurosis, and was therefore a comment on the weight of the evidence. The jury answered the first issue as to whether appellee sustained an accidental injury (as defined on the date alleged) in the affirmative.

Whatever other objections the definition, coupled with the issue, may have been subject to, it was not subject to the objections made and briefed. The point presented urges the charge assumed causal relation between the injury alleged and neurosis. This causal relation was the subject of the inquiry, under the definition, in the first issue, i. e., whether appellee sustained an injury (defined as including neurosis). Appellant did not object to the definition as improperly accenting and placing undue stress or emphasis on neurosis. It was not subject to the objections presented. The motion for rehearing is overruled.