**TEXAS CASUALTY INSURANCE CO.,**
**Appellant,**

**v.**

**Gary Don HOOPER, Appellee.**

**No. 4829.**

Court of Civil Appeals of Texas.

Waco.

Oct. 30, 1969.

Haley, Fulbright, Winniford, Sessions & Bice, Waco, for appellant.

Dunnam, Dunnam & Dunnam, Ben Johnson, Waco, for appellee.

## OPINION

WILSON, Justice.

Appellee sought recovery of workmen's compensation benefits, alleging total and permanent loss of use of a foot resulting from having jumped on a nail. He also sought compensation for total and permanent incapacity, alleging the injury to the foot extended to and affected other parts of the body generally.

The jury found total and permanent loss of use of the foot, and total and permanent incapacity resulting from extension of the foot injury. The court disregarded the latter findings on motion, and rendered judgment based on a finding of $60 average weekly wage for $4173.52 in a lump sum for total and permanent loss of use of the foot.

Appellant says there is no evidence, and the evidence is factually insufficient to support the verdict on which the judgment is based. Appellee's cross-points urge he is entitled to compensation for total and permanent general incapacity. We are of the opinion the court properly disregarded the findings on the latter ground of recovery as having no support in the evidence.

We have carefully reviewed the evidence introduced to sustain a finding of total loss of use of the foot. We have had difficulty in deciding it is not contrary to the overwhelming preponderance of the evidence, but have concluded all the findings on incapacity supporting the judgment are legally and factually supported. It will be of no precedential value to narrate it here. These contentions of both parties are overruled.

We have more difficulty in deciding whether admission over appellant's objection of evidence complained of was reversible error. After all his evidence on incapacity was concluded claimant elicited from his last witness, an attorney, testimony that the maximum weekly workmen's compensation rate is $35; that the

maximum number of weeks of compensation for loss of use of a foot is 125 weeks; that, generally, the attorneys fee payable out of the weekly benefits is 30%, leaving a maximum net recovery of $24.50.

The objections were that the evidence was foreign to any issue to be decided, and prejudicially informed the jury of the effect of its answers to the issues. Claimant's position is that since the carrier did not admit he was entitled to recover in a lump sum under Art. 8306, Sec. 15, V.A. C.S., the evidence was admissible to show manifest hardship and injustice so as to authorize lump sum recovery.

We recognize that it is ordinarily error to inform the jury of the effect of its answers to the issues on extent and duration of incapacity. See cases cited, Superior Insurance Company v. Sanchez, Tex.Civ.App., 428 S.W.2d 718, 719, writ ref. n. r. e.

In determining whether manifest hardship and injustice will result to claimant if the award is not paid in a lump sum, however, as authorized by Art. 8306, Sec. 15, it is obvious that the jury would be entitled to information as to what benefits would be otherwise payable in order to decide the lump sum issue.

Any detriment in informing the jury of the effect of its answers, consequently, should be subordinated to the benefit in affording the jury an evidentiary basis on which to answer the lump sum issue. In our opinion the admission of the evidence is not reversible error. See Texas Employers Ins. Ass'n v. Hatton, 152 Tex. 199, 255 S.W.2d 848, syl. 1; Texas Employers' Ins. Ass'n v. Long, Tex.Civ.App., 180 S.W.2d 629, writ ref. w. m. syl. 6; Insurance Company of Texas v. Davis, Tex.Civ.App., 276 S.W.2d 327, 329, writ. ref. n. r. e.; Sisk v. Glens Falls Indemnity Co., Tex.Civ.App., 310 S.W.2d 118, 122, 66 A.L.R.2d 1, writ ref. n. r. e.; Transport Insurance Co. v. Nunn, Tex.Civ.App., 375 S.W.2d 484, 487, writ ref. n. r. e. (all arguendo).

Affirmed.